JEFF BARBER
Law Offices of Steve Sims
821 N STREET, SUITE 103
ANCHORAGE, AK  99501
(907) 276-5858
Attorneys for the Plaintiff

FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC -5 PM 4: 05

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TERESA OOTEN MAULE,          )<br>                              )<br>           Plaintiff,        )<br>                              )<br>vs.                           )<br>                              )<br>Government Employees          )<br>Insurance    Company,         )<br>d\b\a GEICO,                  )<br>                              )<br>           Defendant.        )<br>_____) | Case No. A03-0183 CV (JWS) |

**PLAINTIFF'S SECOND MOTION *IN LIMINE***

COMES NOW the plaintiff, Teresa Ooten Maule, by and through her attorney, the Law Offices of STEVE M. SIMS, and pursuant to FRE 104, moves this Court for an Order prohibiting the defendant, its representatives, attorneys, and witnesses from either directly or indirectly mentioning, suggesting, referring to in any

Law Offices of
STEVE M. SIMS
821 'N' Street, Suite 103
Anchorage, Alaska 99501
Telephone (907) 276-5858
Fax (907) 276-5817

way in voir dire, interrogation, evidence, argument, or attempting to convey to the jury in any manner, any of the matters indicated below without first obtaining the permission of the Court, outside the presence and hearing of the jury.

Plaintiff further requests that the Order require counsel for the defendant to instruct his witnesses, not to mention, refer to, interrogate concerning, offer, display, or attempt to convey to the jury, any testimony, exhibit, opinion, argument or information relating to or based upon, in full or in part, certain evidence discussed below.

### 1. Seat Belt Use or Lack Thereof.

Plaintiff must show that her damages in an uninsured motorist collision were greater than the $20,000 paid by GEICO. GEICO may assert that plaintiff shares comparative fault for her injuries with the uninsured motorist due to failure to wear a seat belt. However, neither side has hired an accident reconstruction expert or biomechanical expert with foundation to discuss how the injuries in the collision would have been different. There is no evidence that the seatbelts were working properly before the collision. In Alaska, such testimony is normally required to argue a seatbelt defense. Hutchins v. Schwartz, 724 P.2d 1194, 1199 (Alaska 1986).

Evidence of seat belt use is not meaningful to be relevant without recreating the collision and re-examining the subsequent injuries. FRCP 401 and 402. Furthermore, any relevance of seat belt use or lack thereof is outweighed by unfair prejudice,

Law Offices of
STEVE M. SIMS
821 'N' Street, Suite 103
Anchorage, Alaska 99501
Telephone (907) 276-5858
Fax (907) 276-5817

2154 / 50 Plaintiff's Second Motion in Limine
Page 2

confusion, and misleading the jury without establishing that it would have made a difference in the particular collision to the injuries suffered. FRCP 403.

In this case, the only evidence touching on seat belt use and its affect on the injuries suffered is by GEICO's retained doctor in his IME report: "While not wearing a seat belt is known to be associated with increased injuries in head on collisions, considering that this collision was insufficient to cause the air bag to inflate, it is unlikely that not wearing a seat belt in this case made a great difference to the spinal systems." Exhibit 1, page 11 of Dr. Woodward's 3/23/02 IME report. Dr. Woodward goes on to say that "The described blows of the forehead, chest and stomach would not have occurred with a properly adjusted seatbelt." Id. However, Dr. Woodward does not have any expertise to recreate the collision, considering all of the physics involved, and determine exactly what injuries would or would not have been suffered. He is a medical doctor, not an accident reconstruction expert or biomechanical expert, and lacks proper foundation. FRCP 701, 702, and 703.

Not wearing a seatbelt is a loaded issue. The jury may unfairly blame Ms. Maule for injuries suffered in the collision without sufficient basis. Juries have been known to mistakenly split fault 50/50 in some form of rough justice or even exclude recovery entirely because they think everyone should wear a seatbelt, and if someone gets hurt its their own fault. Plaintiff has the burden to prove that the uninsured driver caused the auto collision. The Defendant has the burden to prove that wearing a seatbelt would have made a difference. As explained above, the lack of proper evidence on this issue

Law Offices of
STEVE M. SIMS
821 'N' Street, Suite 103
Anchorage, Alaska 99501
Telephone (907) 276-5858
Fax (907) 276-5817

requires exclusion of any failure to wear the seatbelt because of the danger that the jury will use this information improperly. FRCP 401, 402, and 403.

Conclusion

For the reasons set forth above, the Court must exclude mention of seat belt use or lack thereof. An appropriate order is filed herewith.

DATED at Anchorage, Alaska this 5TH day of December, 2005.

LAW OFFICE OF STEVE M. SIMS
Attorney for Plaintiff

By: _____
for: JEFF BARBER
ABA No.: 0111058
Zach Manzella ABA No: 0305012

CERTIFICATE OF SERVICE AND TYPEFACE
This is to certify that on 12/5/05
a copy of the foregoing was
hand delivered to:

Rebecca Hozubin
Wilkerson Hozubin & Burke
310 K Street., Suite 405
Anchorage, AK 99501

I Further certify that the typeface used in the foregoing document is Times New Roman 13.

_____
NICOLA PERRY

Law Offices of
STEVE M. SIMS
821 'N' Street, Suite 103
Anchorage, Alaska 99501
Telephone (907) 276-5858
Fax (907) 276-5817

2154 / 50 Plaintiff's Second Motion in Limine
Page 4

GEICO Direct
March 23, 2002
Page 11
Re: Theresa Ooten-Maul

9. *Ms. Ooten was not wearing a seat belt at the time of the accident. In your opinion, would this affect the degree of injury? If so, to what extent?*

   The examinee told me that she was wearing a seat belt, although both the paramedics and the emergency room physician reported that she was not. While not wearing a seat belt is known to be associated with increased injuries in head-on collisions, considering that this collision was insufficient to cause the air bag to inflate, it is unlikely that not wearing a seat belt in this case made a great difference to the spinal systems. The described blows of the forehead, chest, and stomach on the steering wheel would not have occurred with a properly adjusted seat belt.

10. *Lastly, please feel free to comment on anything that you view of particular interest that we have not specifically addressed. This would include the affects on the delivery and the baby in relation to this accident.*

    I have no obstetric expertise to discuss the pregnancy or delivery.

Thank you for the opportunity to evaluate Theresa Ooten-Maul. I hope this will help in providing the information requested. Please feel free to contact our office at 1577 "C" Street, Suite 100, Anchorage, Alaska 99501, or telephone (907) 561-4404 for clarification or if more information is needed.

Sincerely,

Anthony Woodward, M.D.
Orthopedic Surgeon

AW:lm



PLAINTIFF
EXHIBIT NO. 1
ADMITTED ☐
A03-0183 CV (JWS)
(CASE NUMBER)