FILED
US DISTRICT COURT
DISTRICT OF ALASKA
2005 DEC -8 PM 4: 27

FILED
DEC 1 2 2005
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____ Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TERESA OOTEN MAULE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| GEICO GENERAL INSURANCE ) | |
| COMPANY, d\b\a GEICO, ) | |
| ) | |
| Defendant. ) | |
| _____) | Case No. A03-0183 CV (JWS) |

### MOTION AND MEMORANDUM RE ILLICIT DRUG USE

Defendant GEICO, through counsel, Wilkerson, Hozubin & Burke, moves for a court order allowing it to introduce evidence of plaintiff's illicit drug use before and after the accident. On October 25, 2004 plaintiff filed a Motion in Limine to prevent evidence of marijuana use and drug testing after the accident by one of her medical care providers, Dr. Gerlay. Docket 60. The court granted the motion as to the evidence of the post accident marijuana use from Dr. Gerlay's records. Docket 73.

The motion, however, did not pertain to any other evidence of marijuana use, and in particular did not address plaintiff's illicit drug use as referenced in Dr. Chester's records from before the accident. Plaintiff now objects to the introduction of marijuana and other drug use prior to the accident. Defendant requests that the court allow it to introduce

WILKERSON,
HOZUBIN &
BURKE
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

121

evidence of this drug use, and that the court revisit the prior ruling prohibiting introduction of evidence marijuana use after the accident.[1]

One of the issues in this case is plaintiff's drug use and drug seeking behavior. This problem existed both before and after the accident and certainly has bearing on both plaintiff's credibility and excessive medical treatment.

The accident at issue occurred on August 20, 2001. At the time of the accident plaintiff was eight months pregnant. During the eight months prior to the accident plaintiff was being cared for by her obstetrician, Dr. Chester. Dr. Chester conducted lab tests on plaintiff during the course of her pregnancy. Three of these tests revealed illicit drug use: On February 1, 2001 plaintiff tested positive for marijuana. Exhibit A. On March 2, 2001 plaintiff tested positive for marijuana. Exhibit B. On March 26, 2001 plaintiff tested positive for marijuana and two types of opiates. Exhibit C.

After the accident, plaintiff was taking narcotics, both prescribed and not prescribed, as well as using marijuana. Plaintiff was alleged at various times that she lost her medications and ran out of her medications, a classic sign of

---

[1] The basis of this "re-visit" is the court's ruling in the prior order: "Without showing why her marijuana use is relevant to the issues in this case, or at least related to her apparent failure to take her prescriptions, GEICO may not impeach Maule's credibility on a collateral issue.

WILKERSON,
HOZUBIN &
BURKE
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

drug seeking and drug abuse. Exhibit D. Evidence of pre- or post-accident drug seeking behavior, and drug use, are probative of causation and damages; and admissible cross-examination where plaintiff denies such drug use.[2] The Alaska Supreme Court ruled that the probative value of such evidence is <u>not</u> outweighed by its prejudicial effect, and held that it was an abuse of discretion for the trial court to exclude such evidence.

As previously noted, Ms. Maule denied any use of marijuana or any other drugs since before the accident:

Q:   ...Any other drug use at any time?

A:   No.

Q:   I don't mean pills now. I'm talking about marijuana, cocaine, any of those kinds of things.

A:   A long time ago when I was living in Nevada.

***

Q:   When is the last time that you smoked marijuana?

A:   Before my daughter was born [6 days after the accident].

Q:   Danielle?

A:   Yes.

---

[2] See <u>Liimatta v. Vest</u>, 45 P.3d 310, 315-16 (Alaska 2002); <u>Galamann v. Kirk</u>, 29 P.3d 255, 259-60 (addressing causation from pre-accident events and malingering and secondary gain) (Alaska 2001).

3

> Q: Did you smoke marijuana at any time within a year of this car accident?
>
> A: No.
>
> Q: I mean before or after it.
>
> A: No.
>
>                     ***
>
> Q: And you've not had any other marijuana or cocaine or anything...
>
> A: No.
>
> Q: ....else like that since.
>
> A: Right.[3]

This testimony may properly be impeached by Ms. Maule's treating physician's medical records and lab tests, both showing positive for marijuana both before and after the accident.

Separately, the medical records and the doctor's testimony regarding marijuana and other drugs are highly probative of causation, damages, and failure to mitigate. Dr. Gerlay has been deposed. The doctor testified that he tested Maule's urine because of concerns about her claims that she was running out of the narcotic medications he was prescribing, Oxycontin and Oxycodone.[4] The test was negative for the opiates he was

---

[3] Exhibit E, Deposition of Teresa L. Maule, pp. 33-36.
[4] Exhibit F, Gerlay deposition at pp. 25, 28.

WILKERSON, HOZUBIN & BURKE
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

4

prescribing, but positive for marijuana and methadone.[5] The doctor was concerned about Ms. Maule's subjective complaints of pain, which led him to prescribe strong narcotics, which the patient was not taking.

After Maule came back seeking additional Oxycodone and Oxycontin, the doctor had her tested again. The tests results once again were negative for the opiates he was prescribing, but positive for methadone and marijuana.[6] The doctor now was confident the labs were accurate. He was highly concerned about Maule's drug seeking, her deceptions, her abuse of unprescribed drugs, and her failure to take the drugs he prescribed even as she sought more of them.[7] The doctor fired Maule as a patient.

The doctor reaffirmed this testimony on direct examination by Maule's counsel, pointing out that she was always running out of medication, and that it appeared to be phony and "did not fly."[8] He confirmed that Maule had a problem with medication, that she was taking medication he was not prescribing, and yet she was not taking the medication he was prescribing. Ultimately, the doctor testified that this was the worst drug test results he has ever seen in a patient.[9]

---

[5] Id. at p. 30.
[6] Id. at pp. 35, 36.
[7] Id. at p. 43.
[8] Id. at p. 84.
[9] Id. at pp. 84-87.

WILKERSON,
HOZUBIN &
BURKE
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Maule failed to follow her doctor's advice. She sought narcotics which she did not take. She took marijuana. Before and after the accident. This evidence is highly probative of Ms. Maule's damages; her motives for costly treatment, her lack of true injury, and her failure to mitigate. The evidence is also highly probative of causation; this accident did not cause serious pain, rather Ms. Maule's drug seeking was the cause for her continued treatment. Such evidence goes to the heart of the defense case and Maule's credibility. It is not outweighed by its prejudicial effect.

Defendant respectfully requests the court allow it to introduce evidence of this pre-accident drug use, and that the court revisit the prior ruling, and allow the introduction of evidence marijuana use after the accident.

DATED this 6th day of December 2005.

WILKERSON, HOZUBIN & BURKE
Attorneys for Defendant

By: _____
Rebecca J. Hozubin
AK Bar No. 9806016

CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2005, a true and correct copy of the foregoing was mailed to the following:

Jeff Barber, Esq.
Law Office of Steve Sims
821 N Street, Suite 103
Anchorage, AK  99501


WILKERSON, HOZUBIN & BURKE

By *[signature]*
2000/232/Mtn Re Illicit Drug Use

WILKERSON,
HOZUBIN &
BURKE
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

7