


FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC 21 PM 2: 19

JEFF BARBER
Law Offices of Steve Sims
821 N STREET, SUITE 103
ANCHORAGE, AK 99501
(907) 276-5858
Attorneys for the Plaintiff

Law Offices of
STEVE M. SIMS
821 'N' Street, Suite 103
Anchorage, Alaska 99501
Telephone (907) 276-5858
Fax (907) 276-5817

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

TERESA OOTEN MAULE,            )
                               )
            Plaintiff,         )
                               )
vs.                            )
                               )
Government Employees           )
Insurance    Company,          )
d\b\a GEICO,                   )
                               )
            Defendant.         )
_____)   Case No. A03-0183 CV (JWS)

### OPPOSITION TO RENEWED MOTION TO BIFURCATE

GEICO twists around the conversation with the Ms. Maule's counsel to contradict the pleadings and undermine the law of this case. Judge Singleton already denied GEICO's Motion to Bifurcate which raised the identical issue several months ago. See Motion at Docket No. 79. GEICO's Motion is untimely, misrepresents a

2154 / 52 Opposition to Renewed Motion to Bifurcate
Page 1

131

conversation between attorneys, and unfairly takes another bite at an issue already decided, further increasing Ms. Maule's litigation expenses unnecessarily.

**1. GEICO misrepresents the conversation between counsel.**

Ms. Maule's counsel did not concede the only way bad faith exists in this case is if the jury concludes GEICO failed to pay enough money three and a half years ago. In the same conversation, Ms. Maule's counsel said that the complaint alleges negligent adjustment and bad faith including the way the claim was litigated instead of arbitrated, and that the jury can find GEICO acted in bad faith for these reasons. See exhibit 1, Affidavit of Jeff Barber and exhibit 2, Affidavit of Zach Manzella.

When GEICO filed its Renewed Motion, Ms. Maule's counsel left a message for GEICO's counsel on December 9, 2005, denying any concession that the only way bad faith exists is if GEICO failed to pay enough money, and reiterating the bad faith for negligent adjustment, including the litigation in this case versus arbitration. See exhibit 1. Ms. Maule's counsel also requested GEICO to withdraw its Motion in light of the apparent misunderstanding. See exhibit 1. GEICO's counsel failed to respond. See exhibit 1.

There is no legitimate basis for GEICO to proceed with this Motion, and the court should admonish GEICO for the unnecessary expense of re-litigating bifurcation for its expressed reasons at the eleventh hour when counsel are supposed to be finalizing designation objections, exhibit objections, and jury instructions after having already

Law Offices of
STEVE M. SIMS
821 'N' Street, Suite 103
Anchorage, Alaska 99501
Telephone (907) 276-5858
Fax (907) 276-5817

2154 / 52 Opposition to Renewed Motion to Bifurcate
Page 2

completed the Statement of Issues, Uncontested Facts, and Witness list sequencing the trial.

**2. GEICO's Motion is Untimely and Contrary to the Pleadings and Orders in this Case.**

The court already denied GEICO's Motion to Bifurcate at Docket No. 79. See Order dated April 1, 2005 attached as Exhibit 3. GEICO should have timely moved to reconsider eight months ago. Local (Civil) Rule 59.1(b). Otherwise, GEICO should have timely move for summary judgment on this issue. FRCP 56.

Ms. Maule's pleadings expressly allege bad faith for "negligent adjustment" which involves more than a single decision, and also allege bad faith for refusing to arbitrate this particular dispute in light of the circumstances. See Plaintiff's Third Amended Complaint at Count III, the Court's Order denying GEICO's Motion to Bifurcate attached as Exhibit 3, and page 5 of the Court's Order dated January 7, 2005 on GEICO's Motion for Summary Judgment on Unconscionability at Docket 45 attached as Exhibit 4 which specifically acknowledged that Ms. Maule's claims of bad faith for GEICO's failure to reasonably adjust her claim were not addressed in the Order on Defendant's summary judgment Motion.

**3. GEICO's "Renewed" Motion to Bifurcate Unfairly Causes Additional Litigation Expenses for Ms. Maule.**

By signing the pleading, GEICO's attorney affirmed that her allegations ". . . are likely to have evidentiary support. . . " that GEICO's claims are ". . . warranted under existing law or by a nonfrivolous argument for the extension, modification, or

Law Offices of
STEVE M. SIMS
821 'N' Street, Suite 103
Anchorage, Alaska 99501
Telephone (907) 276-5858
Fax (907) 276-5817

reversal of existing law or the establishment of a new law. . . ." and that the Motion was not presented for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." FRCP 11(b)((1), (2), and (3). In light of the affidavits attached describing the conversation which forms the alleged basis of GEICO's "renewed" Motion, the fact that parties heavily litigated the very same issue that GEICO claims Ms. Maule supposedly conceded in a conversation, and the fact that Ms. Maule's counsel called and clarified any perceived misunderstanding and GEICO still refused to withdraw its Motion, the Court should summarily deny GEICO's "Renewed" Motion and admonish GEICO for proceeding in light of the above.

## CONCLUSION

For the reasons set forth above, GEICO's "Renewed" Motion to Bifurcate must be denied.

DATED at Anchorage, Alaska this 21ST day of December, 2005.

LAW OFFICE OF STEVE M. SIMS
Attorney for Plaintiff

By: _____
JEFF BARBER
ABA No.: 0111058

CERTIFICATE OF SERVICE AND TYPEFACE
This is to certify that on 12/21/05 a copy of the foregoing was hand delivered to:
Wilkerson Hozubin & Burke
310 K Street., Suite 405
Anchorage, AK 99501
I Further certify that the typeface used in the foregoing document is Times New Roman 13.

_____
NICOLA PERRY

Law Offices of
STEVE M. SIMS
821 'N' Street, Suite 103
Anchorage, Alaska 99501
Telephone (907) 276-5858
Fax (907) 276-5817

2154 / 52 Opposition to Renewed Motion to Bifurcate
Page 4