FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC 23 PM 3: 33

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

TERESA OOTEN MAULE,            )
                               )
              Plaintiff,       )
                               )
    vs.                        )
                               )
GEICO GENERAL INSURANCE        )
COMPANY, d\b\a GEICO,          )
                               )
              Defendant.       )
_____)  Case No. A03-0183 CV (JWS)

### REPLY TO OPPOSITION TO RENEWED MOTION TO BIFURCATE

Clearly the parties do not agree on the content of the conversation that occurred at the exhibit meeting in the clerk's office on December 5, 2005. Conversations, concessions, or disagreements aside, this case should proceed in an orderly fashion. There are essentially two questions at issue in this case. First, what damages did plaintiff suffer as a result of the automobile accident? Second, was there any bad conduct by GEICO in the adjustment of the claim?

GEICO proposes a bifurcated trial for a very simple reason: for the potential to save time and money of all of those involved. If the jury enters a verdict of $30,000 or less, that means that plaintiff was already fully compensated for her loss, as GEICO paid plaintiff $20,000 and $10,000 of her medical bills through medical payments. And if that is the

**WILKERSON, HOZUBIN & BURKE**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

result, then at least a portion plaintiff's claim against GEICO is disposed of, as part of plaintiff's complaint includes the allegation "GEICO failed to offer a reasonable amount for a herniated disc, which is a breach of the covenant of good faith and fair dealing." Third Amended Complaint at paragraph 49. Therefore, even if plaintiff intends to move forward with claims for negligent adjusting after such a finding, the field of claims will be narrowed, and hopefully the trial will be shorter.[1]

In the event the jury awards more than the $30,000, then plaintiff still proceeds with her other claims in the same amount of time that has already been allocated for trial.

This is not a complicated case. This is a case about what damages plaintiff suffered, and whether defendant did anything wrong in evaluating her claim. The orderly presentation of evidence and testimony will do nothing more than keep the trial clean, simple, and clear for the jury. The jury should be allowed to ascertain the true extent of plaintiff's damages at trial, without the needless complication of plaintiff attempting to boost the value of the claim by arguing that

---

[1] Plaintiff is alleging that she still gets to argue that GEICO declining to arbitrate is at issue for bad faith purposes. Defendant disputes this, and will discuss this further with the court in the event the parties cannot reach an amicable resolution.

WILKERSON,
HOZUBIN &
BURKE
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

2

GEICO improperly adjusted the claim. The claim is worth what the claim is worth and the jury should be allowed to decide that issue first.

Defendant asks the court to exercise its discretion and bifurcate the uninsured damages from the remainder of the claims in this case.

DATED this 23rd day of December 2005.

WILKERSON, HOZUBIN & BURKE
Attorneys for Defendant GEICO

By: _____
Rebecca J. Hozubin
AK Bar No. 9806016

CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2005, a true and correct copy of the foregoing was mailed to the following:

Jeff Barber, Esq.
Law Office of Steve Sims
821 N Street, Suite 103
Anchorage, AK  99501

WILKERSON, HOZUBIN & BURKE

By: _____
2000/232/Mtn to Bifurcate- Renewed- Reply