FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC 27 PM 4: 10

JEFF BARBER
Law Offices of Steve Sims
821 N STREET, SUITE 103
ANCHORAGE, AK  99501
(907) 276-5858
Attorneys for the Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TERESA OOTEN MAULE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Government Employees | ) |
| Insurance    Company, | ) |
| d\b\a GEICO, | ) |
| | ) |
| Defendant. | ) |
| | ) Case No. A03-0183 CV (JWS) |

### REPLY ON PLAINTIFF'S SECOND MOTION IN LIMINE

GEICO did not raise the affirmative defense of comparative fault in its Answer and must be prohibited from asserting a seatbelt defense at trial because it was not properly pleaded, notwithstanding the lack of any experts on this issue. See pp 7-8 of GEICO's Answer to Third Amended Complaint attached as Exhibit 1; FRCP 12(b);

Law Offices of
STEVE M. SIMS
821 'N' Street, Suite 103
Anchorage, Alaska 99501
Telephone (907) 276-5858
Fax (907) 276-5817

and see Zolligner v. Ownes-Brockway Glass Container, 233 F.Supp.2d 349, 357 (N.D.N.Y. 2002). Ms. Maule is unfairly prejudiced by the expense and limited time if GEICO is allowed to amend at this time. FRCP 15(a).

Even allowing the affirmative defense of comparative fault at this stage, GEICO has the burden of proof, more likely than not, that failing to wear a seatbelt was a legal cause of plaintiff's harm. See Alaska Pattern Jury Instructions 3.02 Comparative Fault, and 3.06 Legal Cause attached as Exhibit 2 and 3. How will GEICO meet its burden of proof that the whiplash injury alleged to cause Ms. Maule's protruding disc would not have occurred but for the failure to wear a seatbelt without reconstructing the collision with testimony from a qualified expert? Presumably, GEICO would agree that thousands of people suffer whiplash injuries each year wearing seatbelts.

In Hutchins v. Schwartz, the Alaska Supreme Court acknowledged the requirement of sufficient evidence on causation of harm by failure to wear a seatbelt before allowing testimony on this issue: "We conclude that the trial court did not abuse its discretion by admitting evidence of Hutchins' failure to wear a seat belt. The court gave a subsequent jury instruction to disregard such evidence since it found that Schwartz presented insufficient evidence that the seat belt system actually worked and that Hutchins' injuries were caused by his failure to wear a seat belt." Hutchins v. Schwartz, 724 P.2d 1194, 1199 (Alaska, 1986).

There is not expected to be any qualified testimony that wearing the seatbelt would have avoided the particular injuries suffered in this collision. Ms. Maule

Law Offices of
STEVE M. SIMS
821 'N' Street, Suite 103
Anchorage, Alaska 99501
Telephone (907) 276-5858
Fax (907) 276-5817

2154 / 50 Reply on Plaintiff's Second Motion in Limine
Page 2

requests an offer of proof by GEICO outside the presence of the jury on its evidence that Ms. Maule would not have suffered the alleged injuries but for her failure to wear the seatbelt before the court allows introduction of any evidence on seat belt use to the jury if a seatbelt defense is allowed under the circumstances in this case. She relies on FRE 401, 402, 403, 702, and 703.[1]

DATED at Anchorage, Alaska this 23 day of December, 2005.

LAW OFFICE OF STEVE M. SIMS
Attorney for Plaintiff

By: _____
JEFF BARBER
ABA No.: 0111058

CERTIFICATE OF SERVICE AND TYPEFACE
This is to certify that on 12/27/05
a copy of the foregoing was
hand delivered to:
Rebecca Hozubin
Wilkerson Hozubin & Burke
310 K Street., Suite 405
Anchorage, AK 99501

I Further certify that the typeface used in the foregoing document is Times New Roman 13.

_____
NICOLA PERRY

Law Offices of
STEVE M. SIMS
821 'N' Street, Suite 103
Anchorage, Alaska 99501
Telephone (907) 276-5858
Fax (907) 276-5817

---

[1] Ms. Maule's counsel inadvertently cited FRCP rules instead of the corresponding rules of evidence in her Motion in Limine.

2154 / 50 Reply on Plaintiff's Second Motion in Limine
Page 3