Rebecca J. Hozubin, Esq.
Wilkerson, Hozubin & Burke
310 K Street, Suite 405
Phone: 907 276-5297
Fax: 907 276-5291
E-mail: Rebecca@wilkersonlaw.net
AK Bar # 9806016

Attorneys for Defendant GEICO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TERESA OOTEN MAULE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| GEICO GENERAL INSURANCE ) | |
| COMPANY, d\b\a GEICO, ) | |
| ) | |
| Defendant. ) | |
| ) | Case No. A03-0183 CV (JWS) |

**DEFENDANT'S TRIAL BRIEF**

This is a simple case resulting from an automobile accident. Plaintiff claims she was injured as a result of an automobile collision on August 20, 2001. Plaintiff's vehicle was struck on the right front fender by an uninsured vehicle making a left turn. Plaintiff was insured with GEICO.

Plaintiff was transported to Providence Hospital ER following the accident and was kept overnight for observation in order to monitor the status of plaintiff's unborn child, as she was over eight months pregnant at the time of the accident.

Plaintiff delivered her child on August 28, 2001, without complications. She began treatment with Dr. Jay Van Houten on September 4, 2001, and received adjustments and pain medications. Since that time, plaintiff has sought intermittent treatment and pain management from various providers. She was fired from one pain management clinic for failure to comply with her treatment. Her "pain management" treatment was then taken over by her obstetrician/gynecologist because no pain management doctor would accept her into their program because of her prior failures to comply.

GEICO paid $10,000 of plaintiff's medical bills, paid $20,000 directly to plaintiff, and resolved at least a portion, if not all, of a Medicaid lien.

It is defendant's position that plaintiff possibly suffered a cervical strain from the accident which would have resolved in just a few weeks. It is defendant's position that plaintiff has been fully compensated for this auto accident, and that no further monies are warranted. Further, it is defendant's position that plaintiff suffered from pre-existing injuries that are unrelated to this accident.

Plaintiff claims that GEICO negligently adjusted this matter and should have paid the entire policy limit. It is unclear the basis of this claim. To date, there has been no testimony or evidence to suggest negligent adjustment.

Plaintiff has not presented a basis for negligent adjustment other than she believes she should have been paid the full policy. In order to succeed on the negligent adjustment claim, plaintiff must prove that GEICO's salaried employee breached her duty of care in the adjustment of this claim, that the breach caused damages, and that she suffered damages as a result of that breach. C.P. ex rel. M.L. v. Allstate Ins. Co., 996 P.2d 1216 (Alaska 2000).

It appears that plaintiff also intends to argue that defendant is in bad faith for requiring a trial instead of arbitration. The court already ruled that the policy does not require arbitration. Docket 36. The court further ruled that the arbitration language was not unconscionable and was not contrary to the reasonable expectations of the insured. Docket 73. Plaintiff then filed a third motion on the issue of arbitration, and the court once again reaffirmed its former rulings. Docket 99. One party choosing not to arbitrate does not and cannot constitute bad faith. Hillman v. Nationwide Mut. Fire Ins. Co., 855 P.2d 1321 (Alaska 1993). If the converse were true, and the insured opted not to arbitrate, would the insured be in violation of the contract and in some sort of bad faith? Defendant submits the answer is no, and that plaintiff only seeks to inappropriately argue that GEICO cannot be

allowed to abide by the terms of a conscionable contract clause.

Finally, the parties dispute that defendant is entitled to an offset for the monies already paid, just over $30,000. The jury will be asked if plaintiff was injured as a result of the accident. The jury will be asked what damages did plaintiff suffer as a result of the accident. If plaintiff is awarded any more than the just over $30,000 already paid, defendant is entitled to an offset for the monies paid. Plaintiff should be precluded from double recovery. Ruggles ex rel. Estate of Mayer v. Grow, 984 P.2d 509, 511-512 (Alaska 1999).

DATED this 3rd day of January 2006.

Wilkerson, Hozubin & Burke


By: s/Rebecca J. Hozubin
    310 K Street, Suite 405
    Phone: 907 276-5297
    Fax: 907 276-5291
    E-mail: Rebecca@wilkersonlaw.net
    Attorneys for Defendant GEICO
    AK Bar No. 9806016

CERTIFICATE OF SERVICE
I hereby certify that on the
3rd day of January, 2006, a copy
of foregoing Defendant's Trial Brief
was served by mail to the following:

Jeff Barber, Esq.
Law Offices of Steve M. Sims
821 N Street, Suite 103
Anchorage, AK  99501

WILKERSON, HOZUBIN & BURKE

By: s/Rebecca J. Hozubin
2000.232/plead/Trial Brief