JEFF BARBER
Law Offices of Steve Sims
821 N STREET, SUITE 103
ANCHORAGE, AK   99501
(907) 276-5858
Attorneys for the Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TERESA OOTEN MAULE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Government Employees )<br>Insurance     Company, )<br>d\b\a GEICO, )<br>)<br>Defendant. )<br>_____ ) | Case No. 3:03-cv-183-JWS |

## <u>PLAINTIFF'S PROPOSED JURY INSTRUCTIONS</u>

Plaintiff, Theresa Maule, by and through her attorneys, The Law Offices of Steve

Sims, hereby serves her proposed jury instructions.

*Alaska Pattern Jury Instruction Numbers*:

| | | | |
|---|---|---|---|
| 1. 01.01 | 15. 02.01 | 27. 03.03A | 29. 20.03 |
| 2. 01.02 | 16. 02.02 | 28. 03.06 | 30. 20.10 |
| 3. 01.03 | 17. 02.04 | | 31. 20.11 |
| 4. 01.04 | 18. 02.06 | | 32. 20.12 |
| 5. 01.06 | 19. 02.07 | | 33. 20.13 |
| 6. 01.06-1 | 20. 02.08 | | 34. 20.20A |
| 7. 01-07 | 21. 02.10 | | 35. 20.20B |
| 8. 01.08 | 22. 02.13 | | 36. 20.20C |
| 9. 01.09 | 23. 02.14 | | |
| 10. 01.10 | 24. 02.16 | | |
| 11. 01.11 | 25. 02.17 | | |
| 12. 01.12 | 26. 02.31 | | 37. 24.03 |
| 13. 01.13 | | | |
| 14. 01.14 | | | |

*Modified Alaska Pattern Jury Instruction Numbers*:

38. 03.01
39. 20.01A
40. 20.02
41. 20.04
42. 20.06
43. 24.09A

44. GEICO is liable for its adjusters and other employees;
45. Loss of enjoyment of life;
46. Life expectancy table;
47. AS 21.36.125
48. 3 AAC 26.050
49. 3 AAC 26.060
50. 3 AAC 26.010
51. Good faith & fair dealing
52. Violation of provisions as evidence of bad faith
53. AMC 09.22.010(B)
54. AMC 09.16.140(A)
55. AMC 09.16.010(A)
56. AMC 09.16.090(A)

A proposed verdict form is also attached.

DATED at Anchorage, Alaska this 3rd day of January, 2006.

LAW OFFICE OF STEVE M. SIMS
Attorney for Plaintiff

By:   s/  JEFFREY J. BARBER
821 N Street Suite 103
Anchorage   AK 99501
Phone: (907) 276-5858
Fax: (907) 276-5817
Email: jbarber@alaskainjury.com
ABA No.: 0111058

CERTIFICATE OF SERVICE AND TYPEFACE
I hereby certify that on January 3, 2006  a copy of the foregoing
Proposed Jury Instructions was served electronically on:

Rebecca Hozubin

I Further certify that the typeface used in the
foregoing document is Times New Roman 13.

S/   JEFFREY J. BARBER

INSTRUCTION NO. _____

You have been chosen as a juror in this case. One of you has been selected as an alternate. Before you take the juror's oath, I must impress upon you the seriousness and importance of being a member of a jury. Trial by jury is a fundamental right in Alaska. Each case is to be decided by citizens who are fairly selected, who act without bias, and who render a fair verdict based upon the evidence presented at trial.

You took one oath before you were questioned about your qualifications to be a juror. Now you will take a second oath. By this oath you swear or affirm that you will decide the case on the evidence presented and according to the law as explained by me.

When you take the oath you accept serious and important obligations. The jury system depends on the honesty and the integrity of each individual juror. By this oath, you affirm that the answers you have given concerning your qualifications to sit on this jury were complete and correct. You affirm that you are truly impartial in this case. You affirm that you have told the parties and me everything we should know about your ability to sit as a juror in this case.

If you believe you should not take this oath or that there is something else that the parties or I should know, please raise your hand. You can give your information to me and to the parties privately.

I will now administer the oath

Alaska Pattern Jury Instructions 01.01

INSTRUCTION NO. _____

First, some housekeeping matters.  Our trial day will start at _____.
You must be here every morning by _____.  We  cannot begin until you are
all here.  The trial will continue until _____ each day.

[If we are in session the following arrangements will be made for lunch:
_____.]  [We will not take a lunch break
so you should plan to bring something to snack on during recesses.]

_____ is the in-court deputy and will escort you from the jury
room when the trial is in session.

During the recesses that we take during the trial day, you will retire to the
jury room together.  Coffee and restrooms are available in the jury room.  When
we recess at the end of the trial day, you will not be required to remain together.
This is not a sequestered jury.  However, you must obey the following
instructions during each and every recess of the court:

First, do not discuss the case either among yourselves or with anyone else
until the end of the trial.  In fairness to the parties to this lawsuit, you must keep
an open mind throughout the trial.  You must not reach your conclusion until final
deliberations which will be after all the evidence is in, after you have heard the
attorneys' closing arguments, and after my instructions to you on the law.  During
deliberations, you should reach your conclusion only after an exchange of views
with the other members of the jury.

Second, do not permit anyone to discuss the case in your presence.  If
anyone tries to do so, you should tell him or her to stop.  If they persist, report
that fact to the in-court deputy as soon as you are able.  You should not, however,
discuss with your fellow jurors either the fact that someone tried to talk to you
about this case or any other fact that you feel necessary to bring to the attention of
the court.

Third, although it is a normal human tendency to talk with people with
whom one is thrown in contact, during the time you serve on this jury, please do
not talk, in or out of the courtroom, with any of the parties, their attorneys, or any

witness.  By this I mean not only do not talk to them about the case, but do not talk to them at all, even to pass the time of day.  Parties and attorneys have been instructed likewise.  In no other way can all parties be assured of the absolute impartiality they are entitled to expect from you as jurors.

Fourth, do not conduct any investigations on your own or do any research concerning this case outside of the courtroom.  Do not visit any locations where any of the events of the case have occurred.  You must decide this case based only on the evidence presented here in court.

Alaska Pattern Jury Instructions 01.02

INSTRUCTION NO. _____

Now that you have taken your oath, you are ready to serve as jurors and alternate juror.  To assist you in your task, I am going to explain how a trial is conducted.

There are five parts to a trial.  The first part will be opening statements.  Each party will make an opening statement outlining [his] [her] [its] case.  What is said in opening statements is not evidence.  The purpose of opening statements is to provide you with a preview of the evidence which the party intends to present.

The second part of the trial is the longest part of the trial because it is the presentation of evidence by each party.  Most of the evidence will be either testimony by witnesses or exhibits.

The third part of the trial will be closing arguments. During closing arguments, the parties will tell you what they believe the evidence has proved and urge you to draw certain conclusions from the evidence.  What is said in closing arguments is not evidence.

In the fourth part of the trial, I will instruct you about the law which you must apply to reach your decision.

The fifth part of the trial will be jury deliberations.  This is the time when you meet together to discuss the evidence, to decide what the facts are, to apply the law, and to make the decisions required to arrive at a verdict.

Alaska Pattern Jury Instructions 01.03

INSTRUCTION NO. _____

The parties in this case have lawyers to represent them.  The lawyers will make the opening statements and the closing arguments; they will make any objections to the evidence and any requests for legal rulings; and they may question the witnesses and present any exhibit.

Alaska Pattern Jury Instructions 01.04


INSTRUCTION NO. _____

You have now heard the opening statements.  We will next proceed to the second part of the trial.  This is your opportunity to see and hear the evidence

upon which you will decide the case.

Each side will have an opportunity to present evidence.  In our system, the plaintiff is entitled to present its evidence first.  Then the defendant presents its evidence.  Then each party may have an additional opportunity to present rebuttal evidence.

Some of the evidence may be sworn testimony by witnesses.  This testimony may be presented in person, telephonically, by videotape, or read to you from a sworn statement.  You must evaluate all sworn testimony regardless of how it is presented.

Each side will have an opportunity to question each witness twice.  This process is why we call our system an adversarial system.  We begin with direct examination, followed by cross-examination, then re-direct and re-cross.  The party who calls the witness will start the questioning.

Some of the evidence may be exhibits such as documents, pictures, or objects.  The exhibits will be identified for you by number or by letter.

There are three other kinds of evidence that may be presented during the trial.  The parties may agree that certain facts are true.  This is called a stipulation.  There are also certain facts that the law requires you to accept as true.  This is called judicial notice.  The court will clearly identify stipulations and any facts of which the court takes judicial notice.

Finally, there may be facts that the law requires you to accept as true unless the other party proves that they are not true.  These facts are called presumptions.  The court will identify any presumptions for you.

I have told you about the sources of evidence.  I will now tell you what is not evidence.  Nothing the attorneys say is evidence and nothing the court says is evidence.  If there are any exceptions to this during the trial, I will clearly identify them for you.  Remember you must decide this case based only on the evidence presented here in court.

Alaska Pattern Jury Instructions 01.06

INSTRUCTION NO. _____

I have just described the ways that evidence may be presented. Regardless of the way it is presented, evidence is either direct or circumstantial. Direct evidence, if you accept it as true, proves a fact. Circumstantial evidence, if you accept it as true, proves a fact from which you may infer that another fact is also true.

Let me give you an example. Let us pretend that as a juror you are asked to decide the following question: Did snow fall during a particular night? Direct evidence would be a witness testifying that the witness awoke during that night, went to the window, and saw the snow falling. From this evidence you could conclude that snow fell during the night.

Circumstantial evidence would be a witness testifying that the ground was bare when the witness went to sleep at 10:00 p.m., but the next morning when the witness awoke and looked out the window, the witness saw that the ground was covered with snow. From this evidence you could also conclude that snow fell during the night.

Facts may be proved by either direct or circumstantial evidence. The law accepts each as a reasonable method of proof.

Alaska Pattern Jury Instructions 01.06-1

INSTRUCTION NO. _____

Every person who testifies under oath is a witness.  You, as jurors, are the sole judges of the credibility of the witnesses.

In deciding whether to believe a witness and how much weight to give a witness' testimony, you may consider anything that reasonably helps you to evaluate the testimony. Among the things that you should consider are the following:

(1)     the witness' appearance, attitude, and behavior on the stand and the way the witness testifies;

(2)     the witness' age, intelligence, and experience;

(3)     the witness' opportunity and ability to see or hear the things the witness testifies about;

(4)     the accuracy of the witness' memory;

(5)     any motive of the witness not to tell the truth;

(6)     any interest that the witness has in the outcome of the case;

(7)     any bias of the witness;

(8)     any opinion or reputation evidence about the witness' truthfulness;

(9)     any prior criminal convictions of the witness which relate to honesty or veracity; and

(10)     the consistency of the witness' testimony and whether it is supported or contradicted by other evidence.

You should bear in mind that inconsistencies and contradictions in a witness' testimony, or between a witness' testimony and that of others, do not necessarily mean that you should disbelieve the witness.  It is not uncommon for people to forget or remember things incorrectly and this may explain some inconsistencies and contradictions.  It is not uncommon for two honest people to witness the same event and see or hear things differently. It may be helpful when you evaluate inconsistencies and contradictions to consider whether they relate to important or unimportant facts.

If you believe that part of a witness' testimony is false, you may choose to

distrust other parts also, but you are not required to do so.  You may believe all, part, or none of the testimony of any witness. You need not believe a witness even if the witness' testimony is uncontradicted. However, you should act reasonably in deciding whether you believe a witness and how much weight to give to the witness' testimony.

Alaska Pattern Jury Instructions 01.07

INSTRUCTION NO. _____

Expert witnesses will testify in this case. Experts have special training, education, skills or knowledge that may be helpful to you. In deciding whether to believe an expert and how much weight to give expert testimony, you should consider the same things that you would when any other witness testifies. In addition, you should consider the following things:

(1)    the special qualifications of the expert;

(2)    the expert's knowledge of the subject matter involved in the case;

(3)    the source of the information considered by the expert; and

(4)    the reasons given for the expert's opinion.

As with other witnesses, you must decide whether or not to believe an expert and how much weight to give to expert testimony. You may believe all, part, or none of the testimony of an expert witness. You need not believe an expert even if the testimony is uncontradicted.  However, you should act reasonably in deciding whether you believe an expert witness and how much weight to give expert testimony.

Alaska Pattern Jury Instructions 01.08

INSTRUCTION NO. _____

During the trial, I may ask questions of witnesses called by the parties. My questions are not more or less important than the questions that are asked by attorneys in the case. You should consider the answers to my questions just as you would other answers in the case. Do not assume that because I ask questions I have any opinion about the case or the matters to which my questions relate.

Nothing I do or say during the trial is intended to indicate what I think the facts are or that I believe or disbelieve any witness. If anything I do or say seems to indicate that to you, you are to disregard it and form your own opinion.

It is the jury's job, not the judge's, to evaluate the evidence and to decide what evidence to believe and what weight to give the evidence.

Alaska Pattern Jury Instructions 01.09

INSTRUCTION NO. _____

You may have exhibits, such as documents, pictures, or objects, to consider as evidence.  In deciding how much to rely on an exhibit in reaching a verdict, you should examine its contents and consider how it relates to other evidence in the case.  Keep in mind that exhibits are not necessarily better evidence than testimony from witnesses.

Alaska Pattern Jury Instructions 01.10

INSTRUCTION NO. _____

You may take notes during the trial, but you are not required to do so.  If you decide to take notes, do not let your note taking distract you from hearing and seeing all the evidence.

Your notes are to be used only by you to refresh your own recollection during deliberations.  Do not read your notes aloud or show them to other jurors.  During deliberations, the recollection of a juror who took notes is not necessarily more accurate than the recollection of another juror who did not take notes.

During each recess, you must leave your pads and pencils on your chairs.  Your notes are kept confidential by being locked up overnight and placed on your chairs each morning.  After you have completed your deliberations, your notes will be collected and shredded.

Alaska Pattern Jury Instructions 01.11

INSTRUCTION NO. _____

Occasionally, you may be confused about what a witness meant to say or you may think that a witness has omitted something important by mistake. In most cases these matters will be clarified before the witness is finished testifying or before the trial is completed.

If not, here is what you may do. After a witness has been fully examined by both sides and I have asked any questions that I may have, you should write down a short description of your confusion or the matter that you think was inadvertently omitted on the pad that you have and pass your written note to the in-court deputy. I will excuse the jury and go over the note with the parties. I may decide that additional questions should be asked by the parties, or by me. Or I may decide that no additional questions should be asked.

Alaska Pattern Jury Instructions 01.12

INSTRUCTION NO. _____

The law prevents some types of information from being presented as evidence in a court of law. This helps you focus on important and reliable evidence by excluding irrelevant, improper, or unreliable information.

An attorney has a duty to object when the other side offers evidence that the attorney believes is not admissible. You should not be influenced by the fact that objections are made to certain questions or to certain evidence. You should also not be influenced by the number of objections that are made.

When an objection is made the court will decide whether the evidence should be excluded.

The court may "overrule" an objection and permit the evidence to be considered. That does not indicate any opinion of the court as to the weight or effect of that evidence. The decision will be based only on whether the law permits you to consider such evidence.

If the court sustains an objection, you must disregard the question and any answer entirely. You may not draw any inference from the question, or speculate what the witness would have said if permitted to finish answering the question.

I may direct that certain evidence be stricken from the record and instruct you to disregard that evidence. If that happens you must not consider any evidence which the court has instructed you to disregard. Your verdict must be based solely on legally admissible evidence.

My rulings on these matters will be determined by the law and are not based on my views as to the merits of the case, the evidence, the witnesses, or the attorneys.

Alaska Pattern Jury Instructions 01.13

INSTRUCTION NO. _____

If at any time during the trial you cannot see or hear a witness or an attorney, please raise your hand and I will correct the situation. If you have another problem that you would like to bring to my attention, or if you feel ill or need to go to the restroom, please give a note to the in-court clerk who will deliver it to me.

I want you to be comfortable as you carry out your important duties. So do not hesitate to inform me of any problem that you may have.

Alaska Pattern Jury Instructions 01.14

INSTRUCTION NO. _____

Members of the jury, you have now heard and seen all of the evidence in the case and you have heard argument about the meaning of the evidence. We have reached the stage of the trial where I instruct you about the law to be applied.

It is important that each of you listen carefully to the instructions. Your duty as jurors does not end with your fair and impartial consideration of the evidence. Your duty also includes paying careful attention to the instructions so that the law will properly and justly be applied to the parties in this case. You will have a copy of my instructions with you when you go in to the jury room to deliberate and to reach your verdict. But it is still absolutely necessary for you to pay careful attention to the instructions now. Sometimes the spoken word is clearer than the written word, and you should not miss the chance to hear the instructions. I will give them to you as clearly as I can in order to assist you as much as possible.

The order in which the instructions are given has no relation to their importance. The length of instructions also has no relation to importance. Some concepts require more explanation than others, but this does not make longer instructions more important than shorter ones. All of the instructions are important and all should be carefully considered. You should understand each instruction and see how it relates to the others given.

Alaska Pattern Jury Instructions 02.01


INSTRUCTION NO. _____


Do not assume that I have any views about the case because of the instructions that I am now giving you.  What I am telling you in these instructions is the law that applies to all parties appearing before the court.  Nothing that I say or do should lead you to think that I favor or disfavor any party.  I try to be fair and impartial, just as you are required to be.  But if anything that I have said or done during the trial or in these instructions has caused you to believe that I favor or disfavor any party, I now instruct you that it is your duty to disregard my actions. You must decide the case without favoritism or prejudice on the basis of the evidence and the law as it is explained to you.

Alaska Pattern Jury Instructions 02.02

INSTRUCTION NO. _____

Many of the instructions that follow ask you to decide whether something is more likely true than not true. Something is more likely true than not true if you believe that the chance that it is true is even the slightest bit greater than the chance that it is not true.  In more familiar language, something is more likely true than not true if you believe that there is a greater than 50 percent chance that it is true.  Fifty-one percent probability is  enough; no more is required for you to decide that something is more likely true than not true.

If you believe that the chance that something is true is 50/50 or less, you must decide that it is not true.

Alaska Pattern Jury Instructions 02.04

INSTRUCTION NO. _____

     The court will decide whether any party should be reimbursed for some or all of the expenses of this lawsuit, including attorney fees.   You should not discuss this subject during your deliberations because it has no bearing on any issue that you will decide.

INSTRUCTION NO. _____


You must not determine any issue in this case by flipping a coin, drawing straws, or other resort to chance.  If you decide that a party is entitled to recover damages, you cannot agree to simply average estimates from each juror.  Each of you should use your independent judgment in deciding what you think the appropriate amount of damages should be.  But ten of you must agree on an amount before entering it on the verdict form.

Alaska Pattern Jury Instructions 02.07

INSTRUCTION NO. _____

You have heard a number of witnesses testify in this case.  You must decide how much weight to give the testimony of each witness.

In deciding whether to believe a witness and how much weight to give a witness's testimony, you may consider anything that reasonably helps you to evaluate the testimony. Among the things that you should consider are the following:

(1)     the witness's appearance, attitude, and behavior on the stand and the way the witness testified;

(2)     the witness's age, intelligence, and experience;

(3)     the witness's opportunity and ability to see or hear the things the witness testified about;

(4)     the accuracy of the witness's memory;

(5)     any motive of the witness not to tell the truth;

(6)     any interest that the witness has in the outcome of the case;

(7)     any bias of the witness;

(8)     the consistency of the witness's testimony and whether it was supported or contradicted by other evidence.

You should bear in mind that inconsistencies and contradictions in a witness' testimony, or between a witness's testimony and that of others, do not necessarily mean that you should disbelieve the witness.  It is not uncommon for people to forget or to remember things incorrectly and this may explain some inconsistencies and contradictions.  It is also not uncommon for two honest people to witness the same event and see or hear things differently. It may be helpful when you evaluate inconsistencies and contradictions to consider whether they relate to important or unimportant facts.

If you believe that part of a witness's testimony is false, you may also choose to distrust other parts of that witness's testimony, but you are not required to do so.  You may believe all, part, or none of the testimony of any witness. You

need not believe a witness even if the witness's testimony is uncontradicted. However, you should act reasonably in deciding whether you believe a witness and how much weight to give to the witness's testimony.

You are not required to accept testimony as true simply because a number of witnesses agree with each other.  You may decide that even the unanimous testimony of witnesses is erroneous.  However, you should act reasonably in deciding whether to reject uncontradicted testimony.

When witnesses are in conflict, you need not accept the testimony of a majority of witnesses.  You may find the testimony of one witness or of a few witnesses more persuasive than the testimony of a larger number.

Alaska Pattern Jury Instructions 02.08

INSTRUCTION NO. _____

Several expert witnesses testified in this case. Experts have special training, education, skills or knowledge that may be helpful to you. In deciding whether to believe an expert and how much weight to give expert testimony, you should consider the same things that you would when any other witness testifies. In addition, you should consider the following things:

     (1)     the special qualifications of the expert;

     (2)     the expert's knowledge of the subject matter involved in the case;

     (3)     the source of the information considered by the expert; and

     (4)     the reasons given for the expert's opinion.

As with other witnesses, you must decide whether to believe an expert and how much weight to give to expert testimony. You may believe all, part, or none of the testimony of an expert witness. You need not believe an expert even if the testimony is uncontradicted. However, you should act reasonably in deciding whether or not you believe an expert witness and how much weight to give expert testimony.

You are not required to accept expert testimony as true simply because a number of expert witnesses agree with each other. You may decide that even the unanimous testimony of expert witnesses is erroneous. But you should act reasonably in deciding whether to reject uncontradicted testimony.

When expert witnesses are in conflict, you need not accept the testimony of a majority of the witnesses. You may find the testimony of one witness or of a few witnesses more persuasive than the testimony of a larger number.

Alaska Pattern Jury Instructions 02.10

INSTRUCTION NO. _____

The testimony of some witnesses was read to you from depositions.

When a deposition is taken, the witness takes an oath that is identical in purpose to the oath given to the witnesses who testify before you here in the courtroom. All parties are given an opportunity to ask questions of a witness during a deposition

The law does not distinguish between deposition testimony and live testimony. Both are valid forms of testimony. Deposition testimony should be weighed by you as you would any other testimony. However, you may consider that you have not seen and heard the witness testify. It is for you to decide whether this is significant.

INSTRUCTION NO. _____

The deposition testimony of some witnesses was shown to you on videotape.

When a deposition is taken, the witness takes an oath that is identical in purpose to the oath given to the witnesses who testify before you in the courtroom. All parties are given an opportunity to ask questions of a witness during a deposition.

The law does not distinguish between videotape depositions and live testimony.  Both are valid forms of testimony. Deposition testimony should be weighed by you as you would any other testimony.

INSTRUCTION NO. _____

The testimony of some witnesses was presented telephonically.

The law does not distinguish between telephonic testimony and live testimony.  Both are valid forms of testimony. Telephonic testimony should be weighed by you as you would any other testimony.  However, you may consider that you have not seen the witness testify.  It is for you to decide whether this is significant.

Alaska Pattern Jury Instructions 02.16

INSTRUCTION NO. _____

During the trial, exhibits were admitted as evidence.  In deciding how much weight, if any, to give an exhibit, you should examine its contents and consider how it relates to other evidence in the case.  Keep in mind that exhibits are not necessarily better evidence than testimony from witnesses. You will have the exhibits with you in the jury room when you deliberate.  The fact that an exhibit is available to you for your examination does not mean that it is entitled to more weight than testimony from witnesses.

Alaska Pattern Jury Instructions 02.17

INSTRUCTION NO. _____

The evidence should be evaluated not only by its own intrinsic weight but also according to the evidence which is in the power of one party to produce and of the other party to contradict.  If weaker and less satisfactory evidence is offered when it appears that stronger and more satisfactory evidence was within the power of one party to produce, the evidence offered should be viewed with caution.

Alaska Pattern Jury Instruction 02.23

INSTRUCTION NO. _____


The verdict form has a series of questions that the jury must answer.  Read the verdict form very carefully.  Each question is followed by specific instructions telling you what to do next.

At least [ten] of you must agree to the answer to each question on the verdict form.  But the same [ten] people need not agree on each answer.  When at least [ten] of you reach agreement on each question that you are required to answer, your foreperson should date and sign the verdict form.

If you agree on a verdict before _____ p.m., your foreperson should advise the bailiff by a written note that you have reached a verdict.  The bailiff will advise the court, and the court will contact the parties and counsel. As soon as everyone returns to the courtroom, the jury will present the verdict in open court.  After the verdict is presented, members of the jury will be excused.

If you do not agree on a verdict before _____ p.m., but you agree later tonight, your foreperson should date and sign the verdict form and place it, together with the instructions and the exhibits, in the envelope I am giving you. The foreperson will seal the envelope and [keep possession of the sealed envelope] [give the sealed envelope to the bailiff]. [Exhibits that do not fit in the envelope may be kept (insert appropriate place).] If you use this method of sealing your verdict, you must return to the jury room tomorrow morning by _____ a.m.  You must not speak with anyone concerning the case and the verdict until the verdict is opened in court in your presence.

If you do not agree on a verdict before _____ p.m., you may return to your homes.  You must not talk about the case or your deliberations outside of the jury room.  Before you go home, the foreperson of the jury should [take the unsigned verdict form, these instructions and the exhibits, place them in the envelope I am

giving you, seal the envelope and [keep possession of the envelope] [give the sealed envelope to bailiff]] [lock the jury room so that the exhibits, instructions, and unsigned verdict form will remain undisturbed].  If you have not agreed on a verdict,  you must return to the jury room tomorrow morning by            a.m. to continue deliberations.

Alaska Pattern Jury Instruction 02.31

INSTRUCTION NO. _____


I will now define negligence for you.  Negligence is the failure to use reasonable care.  Reasonable care is that amount of care that a reasonably prudent person would use under similar circumstances.  Negligence may consist of doing something which a reasonably prudent person would not do, or it may consist of failing to do something which a reasonably prudent person would do.  A reasonably prudent person is not the exceptionally cautious or skillful individual, but a person of reasonable and ordinary carefulness.


In this case, you must decide whether (plaintiff), (name), (defendant), (name, (both plaintiff and defendant) used reasonable care under the circumstances.

Alaska Pattern Jury Instructions  03.03A

INSTRUCTION NO. _____

In will now define "legal cause" for you.  A legal cause of harm is an act or failure to act which is a substantial factor in bring about the harm.  An act or failure to act is a substantial factor in bringing about harm if it is more likely true than not true that:

1.      the act or failure to act was so important in bringing about the harm that a reasonable person would regard it as a cause and attach responsibility to it; and

2.      the harm would not have occurred but for the act or failure to act.

Alaska Pattern Jury Instructions 03-06

INSTRUCTION NO. _____


The second item of economic loss claimed by the plaintiff is the value of earnings lost by the plaintiff from August 20, 2001  to January 30, 2006.  To calculate this amount, you must deduct federal income taxes that would have been paid.

Alaska Pattern Jury Instruction 20.03

INSTRUCTION NO. _____

     As I have instructed you, you may decide it is reasonably probable that the plaintiff will have some future losses resulting from the accident.  In fixing an amount for future losses, you must disregard the fact that any amount you award the plaintiff may be paid before the actual loss occurs.  You must also disregard the fact that the value of money may change over time.

INSTRUCTION NO. _____

A person who has a condition or disability at the time of an injury cannot recover damages for that condition or disability.  However, he is entitled to recover damages for an aggravation of such pre-existing condition or disability if the aggravation is the legal result of the injury.

This is true even if the person's condition or disability made him more susceptible to the possibility of ill effects than a normally healthy person would have been, and even if a normally healthy person probably would not have suffered any substantial injury.  In other words, the law provides that a defendant takes the plaintiff as he or she finds him.

Where a pre-existing condition or disability is so aggravated, the damages as to such condition or disability are limited to the additional damages caused by the aggravation.

Alaska Pattern Civil Jury Instruction 20.11

INSTRUCTION NO. _____

If you find the defendant is legally responsible for the accident, you may award the plaintiff, in addition to compensation for losses resulting from the original injury, her losses resulting from:

1.        Aggravation of the original injury resulting from the failure of others to use reasonable care in providing medical or hospital treatment of the original injury.

INSTRUCTION NO. _____


In fixing the amount of compensation for some items of loss you may have to decide the life expectancy of the plaintiff, [either] [as it was prior to the accident] [and] [or] [what it is now after the accident].  I will now explain how you are to do this.


You have available as evidence what is called a table of mortality. According to the table, the life expectancy of a (male) (female) person aged (insert plaintiff's age) is (insert number from table) years.  The table tells you the average life expectancy of persons of a particular age and sex.  Many persons live longer and many die sooner than the average.


You should assume the figure in the table represents the probable life expectancy of the plaintiff unless there is other evidence such as (his) (her) occupation, health, family history, habits, and other activities from which you can reasonably conclude that the plaintiff's life expectancy is longer or shorter than average.


Alaska Pattern Jury Instruction 20.13

INSTRUCTION NO. _____

The plaintiff has requested that you award her a separate amount of money in order to punish the defendant and to deter the defendant and others from repeating similar acts. You may award the plaintiff such an amount of money only if the plaintiff proves by clear and convincing evidence that the defendant's conduct which forms the basis of your verdict demonstrated reckless indifference to the interests of others, or was outrageous. Outrageous conduct includes acts done with malice or bad motives.

I will now define what it means to prove something by clear and convincing evidence. An alleged fact is established by clear and convincing evidence if the evidence induces belief in your minds that the alleged fact is highly probable. It is not necessary that the alleged fact be certainly true or true beyond a reasonable doubt or conclusively true. However, it is not enough to show that the alleged fact is more likely true than not true.

At this time, you must only decide whether the plaintiff has proved by clear and convincing evidence that punitive damages should be awarded. You should not discuss the amount of a punitive damage award at this time, or make any decision about the amount of a punitive damage award. Before you make a decision about the amount of any punitive damage award, I will instruct you on how to determine the amount of the punitive damages award.

Alaska Pattern Jury Instruction 20.20A

INSTRUCTION NO. _____

The law provides no fixed measure as to the amount of punitive damages, but leaves it to you to decide an amount that will fairly accomplish the purposes of punishing the defendant and deterring the defendant and others from repeating similar acts.  In determining the amount of punitive damages to be awarded, you may consider:

-        the likelihood at the time of the conduct that serious harm would result from the defendant's conduct;

-        the degree of the defendant's awareness of the likelihood at the time of the conduct that serious harm would result from the defendant's conduct;

-        the amount of financial gain that the defendant gained or expected to gain as a result of the defendant's conduct;

-        the duration of the defendant's conduct and any intentional concealment of the conduct;

-        the attitude and conduct of the defendant upon discovery of the conduct;

-        the amount of compensatory damages awarded to the plaintiff;

-        the financial condition of the defendant; and

-        the total deterrence of other damages and punishment imposed on the defendant as a result of the conduct, including compensatory and punitive damages awarded to other persons in situations similar to that of the plaintiff, and any criminal penalties to which the defendant has been or may be subjected.

Alaska Pattern Jury Instruction 20.20B

SPECIAL VERDICT

1.    What amount do you award to the plaintiff as punitive damages?

$_____

2.    Was the conduct that formed the basis for your award of punitive damages motivated by financial gain?

Yes

No

3.    Were the adverse consequences of this conduct actually known by the defendant or the person responsible for making policy decisions on behalf of the defendant?

Yes

No

_____

Jury Foreperson

_____

Date

Alaska Pattern Jury Instruction 20.20C

INSTRUCTION NO. _____

The plaintiff Theresa Ooten Maule claims that the defendant GEICO did not keep defendant's promise.

For the plaintiff to win on this claim, you must decide that it is more likely true than not true that the defendant failed to keep the promise.  Otherwise, you must decide for the defendant.

If you decide that it is more likely true than not true that the defendant failed to keep the promise, then you must return a verdict for the plaintiff and decide the amount of plaintiff's damages.  I will tell you how to do this in a moment.

Alaska Pattern Jury Instruction 24.03

INSTRUCTION NO. _____

The plaintiff claims that she was harmed because of the uninsured motorist collision on August 20, 2001.

In order to find that plaintiff is entitled to recover, you must decide that it is more likely true than not true:

That the uninsured motorist collision was a legal cause of the plaintiff's harm.

Alaska Pattern Jury Instruction 03.01 (modified)

INSTRUCTION NO. _____

If you decide in favor of the plaintiff, you must then decide how much money, if any, will fairly compensate the plaintiff. I will list for you the items of loss claimed by the plaintiff. You may not assume because I list an item of loss or explain how to measure a particular loss that you are required to make an award for that loss. For each item of loss you must decide that it is more likely true than not true that:

1. the plaintiff had such a loss or is reasonably probable to have such a loss in the future, and

2. the loss was legally caused by the conduct of the defendant that forms the basis for your verdict.

If both of these things are more likely true than not true, you must then decide how much money will fairly compensate the plaintiff for that item of loss. If you do not conclude that both of these things are more likely true than not true for a particular item of loss, you may not make an award for that loss.  You should add up any awards for all items and record the sum on your verdict form.

The items of loss claimed by the plaintiff fall into two categories known as economic losses and non-economic losses.

The items of economic loss claimed by the plaintiff:

1.      Medical expenses;

2.      Lost earnings;

The items of non-economic loss claimed by the plaintiff are:

3.      Pain and suffering;

4.      Loss of enjoyment of life;

5.      Humiliation;

6.      Inconvenience; and

7.      Physical impairment.

I will now explain how to measure each of these claimed items of loss.

Alaska Pattern Jury Instructions 20.01A [modified]

INSTRUCTION NO. _____

     The first item of economic loss claimed by the plaintiff is the expense of medical care from August 20, 2001 to present and the expense of medical care reasonably probable to be received in the future.  In deciding how long the plaintiff may have medical expenses in the future you may need to consider her current life expectancy.

     In fixing this amount, "medical care" includes: doctors, physical therapists, chiropractors, medications, medical supplies, diagnostic treatment, mental health treatment, and other medical services or health aids.

Alaska Pattern Jury Instructions 20.02 [modified]

INSTRUCTION NO. _____

The second item of economic loss claimed also includes the reduction in the ability of the plaintiff to earn money in the future.

You may award the plaintiff a fair amount for any reduction in future ability to earn money that she is reasonably probable to experience.

To calculate this amount, you must determine the difference between the plaintiff's ability to earn money before the injury and her ability to earn money after the injury. To do this you may consider the plaintiff's health, physical and mental abilities; her work habits and occupation before the accident; the nature and extent of her injuries; and how long and to what extent her injuries will affect her earning ability in the future. Your calculation of the plaintiff's ability to earn money before the injury must be based on the plaintiff's life expectancy before the injury occurred.

To decide the plaintiff's earning ability, both before and after the injury, you may consider the wages she earned before and after the injury and any reasonably probable increases in those wages due to promotions or automatic step increases. You must not make any deduction for any future income taxes.

Alaska Pattern Jury Instructions 20.04

INSTRUCTION NO. _____

The third item of loss claimed by plaintiff is for pain and suffering. You may award the plaintiff a fair amount to compensate plaintiff for pain and suffering resulting from the injury. Such an award should fairly compensate the plaintiff for the non-economic losses she has experienced from the date of the injury until the date of trial and for non-economic losses that she is reasonably probable to experience in the future. In deciding how long the plaintiff may experience such losses in the future, you may need to consider her current life expectancy.

The law does not establish a definite standard for deciding the amount of compensation for non-economic losses, and the law does not require that any witness testify as to the dollar value of non-economic losses. You must exercise your reasonable judgment to decide a fair amount in light of the evidence and your experience.

Alaska Pattern Jury Instructions 20.06

INSTRUCTION NO. _____

If you find in favor of the plaintiff, you must then decide how much money, if any, would fairly compensate the plaintiff for the defendant's failure to keep its promise.  In order to fairly compensate the plaintiff, your award should put the plaintiff in the same position that the plaintiff would have been in if the defendant had kept its promise.

Alaska Pattern Jury Instruction 24.09A (modified)

INSTRUCTION NO. _____

GEICO is liable for the acts of its adjusters and other employees.

INSTRUCTION NO. _____

The fourth item of loss claimed by plaintiff is for loss of enjoyment of life. Loss of enjoyment of life refers to an injured person's inability to participate in all the activities of daily life that are common to most people, while pain and suffering encompasses the physical and mental discomfort caused by an injury. Each of these types of damages should be fully compensated and considered on their own merits.

INSTRUCTION NO. _____

There is a law in the State of Alaska which provides:

**AS 21.36.125 Unfair claim settlement practices**.  (a) A person may not commit any of the following acts or practices:

. . .

(3) fail to adopt and implement reasonable standards for prompt investigation of claims;

(4) refuse to pay a claim without a reasonable investigation of all the available information and an explanation of the basis for denial of the claim or for an offer of compromise settlement;

. . .

(6) fail in good faith to make prompt and equitable settlement of claims in which liability is reasonably clear;

(7) engage in a pattern or practice of compelling insureds to litigate for recovery of amounts due under insurance policies by offering substantially less than the amounts ultimately recovered in actions brought by those insureds.

(8) compel an insured or third-party claimant in a case in which liability is clear to litigate for recovery of an amount due under an insurance policy by offering an amount that does not have an objectively reasonable basis in law and fact and that has not been documented in the insurer's file;

. . .

(15) fail to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial or a claim or for the offer of a compromise settlement;

. . .

INSTRUCTION NO. _____

There is a regulation in the State of Alaska which provides:

**3 AAC 26.050. Standards of Prompt Investigation of Claims.** (a) Any person transacting a business of insurance who participates in the investigation, adjustment, negotiation or settlement of a claim shall promptly undertake the investigation of a claim after notification of the claim is received, and shall complete the investigation within 30 working days, unless the investigation cannot reasonably be completed using due diligence.

(b) Unless the notification of the claim is in the form of a suit, demand for arbitration, application for adjudication, or other pleading, or the claim becomes the subject of such litigation within 30 working days, the person transacting the business of insurance shall give written notification to the claimant that specifically states the need and reasons for additional investigative time and also specifies the additional time required to complete the investigation.  That notification shall be given no later than the 30th working day after notification of the claim is first received.

INSTRUCTION NO. _____

There is a regulation in the State of Alaska which provides:

**3 AAC 26.060. Standards for Prompt, Fair, and Equitable Settlements.** (a) Any person transacting a business of insurance who participates in the investigation, adjustment, negotiation, or settlement of a first-party claim:

. . .

(2) shall, within 30 working days after receipt of a properly executed statement of claim, proof of loss, or other acceptable evidence of loss, pay those portions of the claim not in dispute.

INSTRUCTION NO. _____

There is a regulation in the State of Alaska which provides:

**3 AAC 26.010 Purpose.** (a) The purposes of 3 AAC 26.010 - 3 AAC 26.300 is to define minimum standards for claim settlement acts and practices.

(b) Violation of a standard is an unfair or deceptive act and is prohibited.

INSTRUCTION NO. _____

GEICO has an obligation of good faith and fair dealing toward Ms. Maule.

Good faith performance or enforcement of a contract emphasizes faithfulness to an agreed upon common purpose and consistency with the justified expectations of the other party; it excludes a variety of types of conduct characterized as involving 'bad faith' because they violate community standards of decency, fairness or reasonableness.

The covenant of good faith extends to the assertion, settlement, and litigation of contract claims and defenses.

Subterfuges and evasions violate the obligation of good faith in performance even though the actor believes his conduct to be justified.

INSTRUCTION NO. _____

If GEICO or its adjusters failed to comply with any provision of AS 21.36.125 or 3 AAC 26.050-060, such act may be considered when deciding whether GEICO violated the covenant of good faith and fair dealing.

INSTRUCTION NO. ____

There is a law in the Municipality of Anchorage which provides:

**AMC 09.22.010 Required position and method of turning at intersections.**

. . .

B.    *Left turns*.  The driver of a vehicle intending to turn left at any intersection shall approach the intersection in the extreme lefthand lane lawfully available to traffic moving in the direction of travel of such vehicle and, after entering the intersection, the left turn shall be made so as to leave the intersection in the left-most lane lawfully available to traffic moving in such direction upon the roadway being entered.  Whenever practicable, the left turn shall be made in that portion of the intersection to the left of the center of the intersection.

INSTRUCTION NO. _____

There is a law in the Municipality of Anchorage which provides:

**AMC 09.16.140 Drivers to exercise due care**

. . .

A.  Every driver of a vehicle shall exercise due care to avoid colliding with an animal, other traffic or fixed or moveable objects.

INSTRUCTION NO. ____

There is a law in the Municipality of Anchorage which provides:

**AMC 09.16.010 Driving on right side of roadway required; exceptions.**

A. Upon all roadways with sufficient width a vehicle shall be driven upon the right half of the roadway, but not upon the shoulder, except as follows:

1. When overtaking and passing another vehicle proceeding in the same direction under the rules governing such movement.

2. When an obstruction exists making it necessary to drive to the left of the center of the street, provided, any person so doing shall yield the right-of-way to all vehicles traveling in the proper direction upon the unobstructed portion of the street within such distance as to constitute an immediate hazard.

3. Upon a roadway restricted to one-way traffic.

INSTRUCTION NO. _____

There is a law in the Municipality of Anchorage which provides:

**AMC 09.16.090 Driving on roadways laned for traffic.**

Whenever any roadway has been divided into two or more clearly marked lanes for traffic in one direction, the following rules shall apply:

A.      A vehicle shall be driven as nearly as practicable within a single lane and shall not be moved from the lane until such movement can be made with reasonable safety, and properly signaled as required by section 9.22.040.  A lane change will not be made that causes the vehicle to cross a solid white line, unless there is sufficient paved width to allow passing on the shoulder.