JEFF BARBER
LAW OFFICES OF STEVE SIMS
821 N STREET, SUITE 103
ANCHORAGE, AK  99501
(907) 276-5858
Attorneys for the Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TERESA OOTEN MAULE,       )<br>                          )<br>            Plaintiff,    )<br>                          )<br>vs.                       )<br>                          )<br>GOVERNMENT EMPLOYEES      )<br>INSURANCE COMPANY,        )<br>d\b\a GEICO,              )<br>                          )<br>            Defendant.    )<br>_____)  | Case No. 3:03-cv-0183-JWS |

**PLAINTIFF'S TRIAL BRIEF**

GEICO promised to pay its first-party insured for bodily injury damages caused by an uninsured driver and broke that promise when it refused to pay more than $20,000 of the $50,000 policy.  "[A] breach of contract is a failure, without legal excuse, to perform any promise which forms the whole or part of the contract."  11 S. Williston, A treatise on the Law of Contracts § 1290 (3rd ed. 1968).   "Parties to a contract have mutual obligations of good faith and fair dealing. Restatement (Second) Contracts § 205 (1979)."  Alyeska Pipeline Service v. H.C. Price Co., 694 P.2d 782, 788 (Alaska 1985). "Good faith performance or enforcement of a contract emphasizes faithfulness to an

agreed upon common purpose and consistency with the justified expectations of the other party; it excludes a variety of types of conduct characterized as involving 'bad faith' because they violate community standards of decency, fairness or reasonableness." Restatement (Second) of Contracts § 205, Comment a.

The covenant of good faith extends to the "assertion, settlement, and litigation of contract claims and defenses." Id., at comment e; GEICO's conduct in litigating this claim falls under its continuing duty of good faith and fair dealing toward Ms. Maule. State Farm Mutual Auto Insurance v. Weiford, 831 P.2d 1264, 1268-69 (Alaska 1992) (State Farm's attorney's conduct during the arbitration hearing was properly before the jury when evaluating State Farm's bad faith along with other acts of unreasonable claims handling). "Subterfuges and evasions violate the obligation of good faith in performance even though the actor believes his conduct to be justified." Id., at comment d.

Instead of reasonably determining what damages were caused by the collision and then paying that amount to Ms. Maule, GEICO engaged in claims adjustment conduct that violates community standards of decency, fairness or reasonableness. Ms. Maule expects to establish the following:

1) GEICO's claim evaluation was unfairly biased;

2) GEICO disregarded medical evidence;

3) GEICO subjected its insured to a biased medical exam;

4) GEICO attempted to negotiate instead of paying what was due;

5) GEICO unreasonably refused to arbitrate;

6) GEICO engaged in unreasonable litigation;

Such conduct is prohibited by AS 21.36.125 and 3 AAC 26.050-060 which are proper jury instructions for evidence of bad faith. See <u>State Farm Mutual Auto Insurance v. Weiford</u>, 831 P.2d 1264, 1269 (Alaska 1992) and 3 AAC 26.010(a) and (b).

Ms. Maule claims damages for GEICO's breach of contract, i.e., failing to pay what was due under the UM coverage. Ms. Maule claims damages for GEICO's bad faith adjustment of this claim, including refusal to arbitrate and the subsequent litigation. She also claims punitive damages for GEICO's bad faith conduct which must be proven by clear and convincing evidence.

Concerning the breach of contract, the UM coverage provides that GEICO pay Ms. Maule whatever bodily injury damages that the uninsured motorist is liable for in the collision on August 20, 2001. However, the policy is ambiguous on how to determine bodily injury damages. There is no guidance whatsoever. GEICO asserts that the policy requires a trial within a trial with GEICO vigorously defending the uninsured motorist against its insured to determine the bodily injury damages. Ms. Maule urges the court to adopt a more flexible approach that favors the insured on any close questions of law or evidence for two reasons: 1) UM insurance policy provisions should be interpreted according to the reasonable expectations of the insured under the facts of the case according to <u>Stordahl v. Government Employees Ins. Co.</u>, 564 P.2d 63,

68 (Alaska 1977); and 2) where an insurance policy is ambiguous it must be construed against the insurer. Puritan Life Ins. Co. v. Guess, 598 P.2d 900, 904 (Alaska 1979).

Considering that the policy does not describe an extensive jury trial where GEICO asserts every conceivable defense afforded by unlimited financial resources, and that an insured person could reasonably expect a litigation against someone driving without any insurance to simply involve a damage hearing by a judge after a default hearing, the court should rein in some of the collateral issues that GEICO seeks to introduce into this trial, i.e., the theory that marijuana use leads to prescription drug abuse, the domestic violence and drug/alcohol abuse by plaintiff's husband, the theory that plaintiff is entitled to less damages for her injuries because her life was rough beforehand (for example, GEICO wants to introduce that Ms. Maule's daughter was killed in another collision years earlier), the theory that Ms. Maule's whiplash would have been avoided if she had worn her seatbelt without any actual evidence, and the arguments that Ms. Maule's medical treatment must meet some special criteria. The marijuana and seatbelt issues were addressed in earlier motions by the parties.

Medical treatment does not have to meet any particular criteria and Ms. Maule does not have the burden of establishing whether her treatment was reasonable or necessary.  "[A] lay person cannot be expected to second guess a doctor's recommendation for care." Adamson v. Univ. of AK, 819 P.2d 886, 894 (Alaska 1991). An injured plaintiff has a duty to mitigate damages by using reasonable diligence to care for one's injuries. Irving V. Bullock, 549 P.2d 1184, 1186-1187. It has long been a

maxim of Alaska law that a tortfeasor is liable for the negligent medical treatment of an injured plaintiff.  <u>Lucas v. City of Juneau</u>, 127 F.Supp. 730, 731-32 (D. Alaska 1955).

The Restatement (Second) of Torts section 457 (1965) states:

> "If the negligent actor is liable for another's bodily injury, he is also subject to liability for any additional bodily harm resulting from normal efforts of third persons in rendering aid which the other's injury reasonably requires, irrespective of whether such acts are done in a proper or a negligent manner."

If Ms. Maule was reasonable in seeing her first medical provider following this collision, and that doctor misdiagnosed her, prescribed the wrong course of treatment, or referred her to the wrong test or provider, the tortfeasor is still liable so long as Ms. Maule was reasonable in seeking that treatment. Also see Alaska Pattern Jury Instruction No. 20.12.  Incurring unnecessary expense from a medical provider's failure to use reasonable care is synonymous to aggravation of original injury.  "[It] is foreseeable that the tort may place the victim in the hands of an overcharging or over treating physician."  <u>Hillebrandt v. Holsum Bakeries</u>, 267 So.2d 608, 610 (La. App. 1972).

DATED at Anchorage, Alaska this 3rd day of January, 2006.

LAW OFFICE OF STEVE M. SIMS
Attorney for Plaintiff

By:   s/  JEFFREY J. BARBER
821 N Street Suite 103
Anchorage   AK 99501
Phone: (907) 276-5858
Fax: (907) 276-5817
Email: jbarber@alaskainjury.com

ABA No.: 0111058

CERTIFICATE OF SERVICE AND TYPEFACE

I hereby certify that on January 3, 2006 a copy of
the foregoing Trial Brief was served electronically on:

Rebecca J. Hozubin

I Further certify that the typeface used in the
foregoing document is Times New Roman 13.

S/ JEFFREY J. BARBER