DEFENDANT'S INSTRUCTION NO. 1

This is a personal injury case arising out of a car accident on August 20, 2001. This is also a case about the adjustment of plaintiff's claim by defendant resulting from that accident.

The parties agree that the uninsured driver was negligent and at fault for the accident. The only issue to be decided with respect to the bodily injury claim is the extent of plaintiff's damages resulting from the accident.

For reasons that do not concern you, the uninsured driver is not a party to this lawsuit. GEICO has been substituted as the defendant in this case. You are not permitted to speculate, or to discuss, or to consider in your deliberations for any purpose whatsoever the question of why the uninsured driver is not a party to this lawsuit. You should not be prejudiced for or against, or have any sympathy for or against, either side of this case because an insurance company appears as the defendant in this case.

The absence of the uninsured driver is not relevant to the evidence of plaintiff's damages and shall not be in any way the basis of your verdict in this case.

Combination of Alaska Pattern Instructions 4.01B and 3.12 (modified)

DEFENDANT'S INSTRUCTION NO. 2

The plaintiff claims that she was harmed because of the negligence of an uninsured driver and wants compensation from the defendant for the harm.

In order to find that plaintiff is entitled to recover, you must decide that it is more likely true than not true:

1. that the negligence was a legal cause of the plaintiff's harm; and

3. that the plaintiff was actually harmed.

I will later define negligence and legal cause for you.

Alaska Pattern Civil Jury Instruction 3.01

DEFENDANT'S INSTRUCTION NO. 3

The plaintiff also claims that she was harmed because of the defendant's employee negligently adjusted her claim and she wants compensation from the defendant for the harm.

In order to find that plaintiff is entitled to recover, you must decide that it is more likely true than not true:

1. that GEICO's employee was negligent;

2. that the negligence was a legal cause of the plaintiff's harm; and

3. that the plaintiff was actually harmed.

I will later define negligence and legal cause for you.

Modified Alaska Pattern Civil Jury Instruction 3.01

DEFENDANT'S INSTRUCTION NO. 4

One aspect of plaintiff's claim for negligent adjustment is that defendant did not arbitrate her claim.  The policy provides that both parties must agree to arbitration and if either party does not agree to arbitration then the parties must litigate the claim in court.

This court already ruled that the arbitration clause in the insurance policy is legal, enforceable, not contrary to public policy, and within the reasonable expectations of both plaintiff and defendant.

Court order dated June 8, 2004, at Docket 36.
Court order dated January 10, 2005 at Docket 73.
Court order dated June 20, 2005 at Docket 99.

DEFENDANT'S INSTRUCTION NO. 5

I will now define negligence for you. Negligence is the failure to use reasonable care. Reasonable care is that amount of care that a reasonably prudent person would use under similar circumstances. Negligence may consist of doing something which a reasonably prudent person would not do, or it may consist of failing to do something which a reasonably prudent person would do. A reasonably prudent person is not the exceptionally cautious or skillful individual, but a person of reasonable and ordinary carefulness.

In this case, you must decide whether the uninsured driver used reasonable care under the circumstances.

Alaska Pattern Civil Jury Instruction 3.03A

DEFENDANT'S INSTRUCTION NO. 6

I will now define "legal cause" for you.  A legal cause of harm is an act or failure to act which is a substantial factor in bringing about the harm.  An act or failure to act is a substantial factor in bringing about harm if it is more likely true than not true that:

    1.  the act or failure to act was so important in bringing about the harm that a reasonable person would regard it as a cause and attach responsibility to it; and

    2.  the harm would not have occurred but for the act or failure to act.


Alaska Pattern Civil Jury Instruction 3.06

DEFENDANT'S INSTRUCTION NO. 7

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

You must determine the plaintiff's damages, if any. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

The nature and extent of the injuries;

The loss of enjoyment of life and pain and suffering experienced; and

The reasonable value of necessary medical care, treatment, and services received to the present time.

The plaintiff has the burden of proving damages by a preponderance of the evidence, and it is for you to determine what damages, if any, have been proved.

Ninth Circuit Model Civil Jury Instructions 7.1 (modified)

DEFENDANT'S INSTRUCTION NO. 8

You are not permitted to award speculative damages, which means compensation for loss or harm which, although possible, is conjectural or not reasonably probable.

DeNardo V. GCI Communications, 983 P.2d 1288 (Alaska 1999);
Lynden Inc. v. Walker, 30 P. 3d 609 (Alaska 2001);
Sherbahn v. Kerkove, 987 P. 2d 195 (Alaska 1999).
Ninth Circuit Model Civil Jury Instructions 7.1

DEFENDANT'S INSTRUCTION NO. 9

The first item of economic loss claimed by the plaintiff is the reasonable expense of necessary medical care.

In fixing this amount, "medical care" includes medical treatment and chiropractic treatment.

Evidence of medical expenses which are not proved to be reasonable and necessary should be disregarded in the assessment of damages.


Alaska Pattern Civil Jury Instruction 20.02 (modified)

INSTRUCTION NO. 10

The second item of loss claimed by plaintiff is for non-economic losses. You may award the plaintiff a fair amount to compensate plaintiff for pain and suffering, loss of enjoyment of life, and inconvenience resulting from the injury. Such an award should fairly compensate the plaintiff for the non-economic losses she has experienced from the date of the injury until the date of trial and for non-economic losses that she is reasonably probable to experience in the future.

The law does not establish a definite standard for deciding the amount of compensation for non-economic losses, and the law does not require that any witness testify as to the dollar value of non-economic losses. You must exercise your reasonable judgment to decide a fair amount in light of the evidence and your experience.


Alaska Pattern Civil Jury Instruction 20.06

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

```
TERESA OOTEN MAULE,            )
                               )
          Plaintiff,           )
                               )
     vs.                       )
                               )
GEICO GENERAL INSURANCE        )
COMPANY, d\b\a GEICO,          )
                               )
          Defendant.           )
_____)Case No. A03-0183 CV (JWS)
```

**SPECIAL VERDICT FORM**

We, the jury in the above-entitled case, find the following special verdict submitted to us in the above-captioned case:

1) What are the damages, if any, suffered by plaintiff as a legal result of the accident on August 20, 2001?

    (a) Past economic loss         $_____

    (b) Past non-economic loss     $_____

        Total                        $_____

2) Was defendant negligent in its adjusting of plaintiff's claim?

    Answer "yes" or "no."  Answer: _____

If you answered Question No. 2 "no," do not answer questions 3 and 4.  Please go on to 5.

3) Was the negligent adjusting a legal cause of damages to plaintiff?

    Answer "yes" or "no."  Answer: _____

If you answered Question No. 3 "no," do not answer question

4. Please answer no further questions and sign and date the verdict form.

    4) What damages, if any, did plaintiff incur as a result of defendant's negligent adjustment?  $_____

    5) Do you find that defendant's conduct was malicious, oppressive or in reckless disregard of the plaintiff's rights?

    Answer "yes" or "no."  Answer: _____

    If you answered Question No. 5 "no," do not answer question 6. Please answer no further questions and sign and date the verdict form.

    6) What amount, if any, do you award plaintiff in punitive damages?  $_____

    DATED at Anchorage, Alaska this \_\_\_ day of February 2006.


    _____
    FOREPERSON OF THE JURY