Rebecca J. Hozubin, Esq.
Wilkerson, Hozubin & Burke
310 K Street, Suite 405
Phone: 907 276-5297
Fax: 907 276-5291
E-mail: Rebecca@wilkersonlaw.net
AK Bar # 9806016

Attorneys for Defendant GEICO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TERESA OOTEN MAULE, )<br>)<br>             Plaintiff, )<br>)<br>  vs. )<br>)<br>GEICO GENERAL INSURANCE )<br>COMPANY, d\b\a GEICO, )<br>)<br>             Defendant. )<br>_____) | Case No. A03-0183 CV (JWS) |

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS AND ADDITIONAL PROPOSED INSTRUCTIONS**

COMES NOW, defendant GEICO, through counsel, and submits its objections to plaintiff's jury instructions. The parties met to discuss their jury instructions, and the following are defendant's unresolved objections to plaintiff's proposed jury instructions.

1.12    Objection. There have been several Motions in *Limine* preventing the introduction of certain evidence. If a juror were to ask a question pertaining to this and the court did not ask the question because of a prior ruling it may tend to influence the jury.

| | |
|---|---|
| 2.10 | Objection to the use of "several". There is only one expert witness testifying at trial.  The court already sustained defendant's objection to Dr. Throckmorton being listed as an expert in the rulings on the deposition designations.  Further, plaintiff provided no other expert disclosures, CVs, prior testimony or the like with respect to any of the other treating physicians.  Alaska law does allow treating physicians to provide their opinions, however, such a ruling does not automatically make every physician an expert not required to comply with expert disclosure guidelines. |
| 20.03 | Objection. To date there has been no information disclosed regarding an amount for a claim for lost income.  See Response to Interrogatory number 6, and initial disclosures. |
| 20.10 | Objection. There is no evidence of future damages. Additionally we prefer the 9th Cir. Model Instruction 7.4 if an instruction is granted. |
| 20.12 | Objection. No basis, this is not a claim that was previously disclosed. |
| 20.13 | Objection. There is no evidence of any future damages. |
| 24.03 | Objection. There is no evidence to support this instruction. |
| 3.01 | Objection. We prefer our Instruction No. 2. Plaintiff's instruction leaves out the requirement that plaintiff was harmed. |
| 20.01A | Objection. No claim for lost earnings has been disclosed and there is no non-economic damages category for "humiliation" nor is there any support for the same. |

| | |
|---|---|
| 20.02 | Objection.  There is no evidence of future medical care.  Further, plaintiff's instruction completely disregards the standard set forth in 20.02(b) for future medical care, "reasonably necessary", "reasonably certain to occur", and "reasonable basis for estimating" an amount.  We prefer defendant's instruction number 9. |
| 20.04 | Objection. There is no evidence to support this instruction. If the instruction is allowed, we object to leaving out ", and you must not consider any pay increases due to increases in the cost of living." |
| 20.06 | Objection.  There is no evidence to support this instruction.  Further, it is modified such that it switches back and forth between "non-economic" and "pain and suffering".  It should be all "non-economic".  We prefer defendant's instruction 10. |
| 44 | Objection.  There is no basis provided for this instruction. |
| 45 | Objection.  This is included in 20.06 and a separate instruction is inappropriate. |
| 46 | Objection.  Plaintiff has not demonstrated any future damages. |
| 47 | Objection.  AS 21.36.125 provides "(b) The provisions of this section do not create or imply a private cause of action for a violation of this section." Thus the instruction as listed is inappropriate. Further reference to (7) is inappropriate because there is no award yet and the case has not been bifurcated. |
| | If this instruction is allowed then language from Alaska Pattern Instruction 3.04B needs to be added in that if plaintiff proves a violation of this provision this is only evidence of … |

| | |
|---|---|
| 48 | Objection.  There is no evidence of a violation of 3 AAC 26.050.  There is no private cause of action for this.  If this instruction is allowed then language from Alaska Pattern Instruction 3.04B needs to be added in that if plaintiff proves a violation of this provision this is only evidence of … |
| 49 | Objection.  (1) this is not 3 AAC 26.060.  If this is meant to say 3 AAC 26.070 then there is no evidence of a violation of the same.  There is no private cause of action for this.  Finally, 070 applies in instances such as medical payments coverage and property damage. As is demonstrated by the reference to the statement of claim and proof of loss; documents applicable to such claims.  Further, the Division of Insurance dealt with this issue in <u>Nelson v. Progressive</u>, 976 P.2d 859 (Alaska 1999) and it was quite clear that disputed amounts cannot be forced to be paid in an uninsured motorist claim.  *See also,* <u>Voland v. Farmers Ins. Co. of Arizona</u>, 943 P.2d 808, 812-13 (Ariz. App. Div. 2 1997).<br><br>If this instruction is allowed then language from Alaska Pattern Instruction 3.04B needs to be added in that if plaintiff proves a violation of this provision this is only evidence of … |
| 50 | Objection.  There is no evidence of a violation of 3 AAC 26.010.  There is no private cause of action for this.  If this instruction is allowed then language from Alaska Pattern Instruction 3.04B needs to be added in that if plaintiff proves a violation of this provision this is only evidence of … |
| 51 | Objection, there is no law provided to support this instruction.  Further, the instruction exceeds the law of the issue.  *See* <u>Hillman v Progressive</u>. |
| 52 | Objection, there is no law provided to support this instruction.  Further, the instruction exceeds the law of the issue.  *See* <u>Hillman v Progressive</u>. |

Defendant further proposes the court use the 9th Circuit Model Instruction 5.2 on the clear and convincing burden of proof for the punitive damages instruction to which the parties already agreed.  Additionally, defendant proposes Instruction No. 11 attached herewith.

DATED this 25th day of January 2006.

> Wilkerson, Hozubin & Burke
>
> By: s/Rebecca J. Hozubin
> 310 K Street, Suite 405
> Phone: 907 276-5297
> Fax: 907 276-5291
> E-mail: Rebecca@wilkersonlaw.net
> Attorneys for Defendant GEICO
> AK Bar No. 9806016

CERTIFICATE OF SERVICE
I hereby certify that on the
25th day of January, 2006, a copy
of foregoing Defendant's Objections
to Plaintiff's Proposed Jury Instructions
and Additional Proposed Instruction
was served electronically and by mail
on the following:

Jeff Barber, Esq.
Law Offices of Steve M. Sims
821 N Street, Suite 103
Anchorage, AK  99501

WILKERSON, HOZUBIN & BURKE

By: s/Rebecca J. Hozubin

2000.232/plead/Jury ins/Objections to
Plaintiff's jury instructions