JEFF BARBER
Law Offices of Steve Sims
821 N STREET, SUITE 103
ANCHORAGE, AK  99501
(907) 276-5858
Attorneys for the Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TERESA OOTEN MAULE,             ) <br> ) <br> Plaintiff,    ) <br> ) <br> vs.                                                  ) <br> ) <br> Government Employees          ) <br> Insurance    Company,            ) <br> d\b\a GEICO,                            ) <br> ) <br> Defendant.   ) <br> _____ ) | Case No. 3:03-cv-00183-JWS |

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED JURY INSTRUCTIONS AND ADDITIONAL PROPOSED INSTRUCTIONS**

Plaintiff, Theresa Maule, by and through her attorneys, The Law Offices of Steve Sims, objects to the following of defendant's proposed jury instructions as set out in counsel's letter dated January 17, 2006 attached hereto as exhibit 1:

No. 1  The instruction does not accurately reflect the nature of the case. GEICO was not "substituted" for the defendant. Damages is not the only issue to be decided with respect to the bodily injury claim. There are several aspects of this case where the jury should consider how the defendant is an insurance company. Attached as exhibit 2 is plaintiff's proposed alternative.

No. 4  Plaintiff objects to the word "already" where it says the court already ruled... and adding the phrase "However, you may consider the defendant's refusal to arbitrate under the circumstances as evidence of bad faith."

No. 7  This instruction improperly omits future noneconomic damages, future economic damages, lost earnings and diminished earning capacity.

No. 9  This instruction includes an erroneous reasonable and necessary criteria for treatment and fails to include enough items under the definition for medical care, ex. Medications. Plaintiff briefed the issue of how the tortfeasor is liable for medical care notwithstanding whether a doctor's treatment was mistaken or excessive in her trial brief and relies primarily on the Restatement of Torts (Second) § 457 (1975) and the case law cited in her trial brief.

Plaintiff submits additional proposed instructions attached hereto with the letter dated January 17, 2006 as exhibit 1: plaintiff's additional proposed exhibits, including a

life expectancy table previously omitted, typographical corrections to some of the previous proposed instructions, a modified instruction for 20.20A punitive damages including "oppressive conduct" as described in 9th cir. Model instr. 7.5 (Pl's proposed instr. No. 34).  Also enclosed is a supplemental instruction on breach of good faith and fair dealing (Pl's proposed instr. No. 57).

Plaintiff withdraws her proposed jury instructions 1.02, 1.04, 1.06 (so long as the 9th cir. 1.06 includes the example about circumstantial evidence), 1.06-1, 1.07, 1.10, 1.11, 1.13, 2.01, 2.08, 2.17, 53, 54, 55, and 56.

DATED at Anchorage, Alaska this 30th day of January, 2006.

LAW OFFICE OF STEVE M. SIMS
Attorney for Plaintiff

By:   s/ JEFFREY J. BARBER
    821 N Street Suite 103
    Anchorage   AK 99501
    Phone: (907) 276-5858
    Fax: (907) 276-5817
    Email: jbarber@alaskainjury.com
    ABA No.: 0111058

CERTIFICATE OF SERVICE AND TYPEFACE
I hereby certify that on January 30, 2006  a copy of the foregoing
Notice of Telephonic Testimony was served electronically on:
Rebecca J. Hozubin
I Further certify that the typeface used in the
foregoing document is Times New Roman 13.

S/ JEFFREY J. BARBER

LAW OFFICES OF
**STEVE SIMS**
821 "N" STREET, SUITE 103
ANCHORAGE, ALASKA 99501

Steve M. Sims
Jeff J. Barber

PHONE: (907) 276-5858
FAX: (907) 276-5817

January 17, 2006

Ms. Rebecca Hozubin
WILKERSON HOZUBIN & BURKE
310 "K" Street, Suite 405
Anchorage, Alaska 99501

RE:   <u>Maule v. GEICO</u>

Dear Rebecca:

    Thank you for taking the first step with jury instructions. I reviewed your proposed instructions and objections. I have no objections to any of your proposed standard instructions, although 1.13 and 5.1 appear redundant. However, I object to your instructions numbered 1-5, 7, and 9.

    No. 1 does not accurately reflect the nature of the case. Enclosed is my alternative No. 1. Nos. 2, 3, and 5 involve negligence, which the case does not involve. For No. 4, I propose deleting the word "already" where it says the court already ruled... and adding the phrase: "However, you may consider the defendant's refusal to arbitrate under the circumstances as evidence of bad faith." No. 7 improperly omits future noneconomic damages, future economic damages, lost earnings and diminished earning capacity. Finally, No. 9 includes an erroneous reasonable and necessary criteria for treatment and fails to include enough items under the definition of medical care, ex. medications.

    Based on your objections and recommendations to my proposed jury instructions, I agree to withdraw my proposed 1.02, 1.04, 1.06 (so long as the 9th cir 1.06 includes the example about circumstantial evidence), 1.06-1, 1.07, 1.10, 1.11, 1.13, 2.01, 2.08, 2.16, 2.17, 53, 54, 55, and 56.

    Enclosed is a copy of the life expectancy table previously omitted for No. 46. No. 49 had a typo and should have referred to 3 AAC 26.070 as enclosed. I modified 20.20A on punitive damages as enclosed to include "oppressive conduct" as described in 9th cir 7.5. I had an older version of 1.12 and have no objection to using the 2005 Alaska pattern on jury questions during trial as enclosed. I agree to modifying 2.07 and 2.31 to

EXHIBIT 1

Rebecca Hozubin
January 17, 2006
Page 2


refer to the correct number of jurors as enclosed. I agree to changing 20.11 on aggravation to pre-existing injuries to refer to "she" and "her" as enclosed. I agree to including the rest of the pattern instruction on 24.09A as enclosed.

   We are in disagreement on 1.12, 2.10, 20.03, 20.10, 20.12, 20.13, 24.03, 3.01, 20.01A, 20.02, 20.04, 20.06, 44, 45, 47, 48, 49, 50, 51, and 52:

   1.12  You do not want the jury to ask questions if confused and I do.

   2.10 You maintain that only one expert is testifying, but the medical providers are also experts. A treating physician can testify about "his expert observations [and] his own opinions as to what he observed," as well as his "expert opinions based on his review of hospital records." Getchell v. Lodge, 65 P.3d 50, 56 (Alaska 2003), citing Miller v. Phillips, 959 P.2d 1247, 1250 (Alaska 1998). See also Marron v. Stromstad, (2005) at page 12. There is adequate foundation establishing that Dr. Throckmorton and Dr. Gerlay are experts. You made this objection regarding their deposition testimony and the court overruled it.

   20.03 Regarding lost income, the claims were disclosed, including her prior income of minimum wage plus tips. Plaintiff never returned to Sea Galley where she worked at the time of the collision.

   20.10 Regarding future damages, Dr. Throckmorton testifies that the auto collision caused plaintiff's pain that her condition will continue.

   20.12 This instruction addresses any doctor prescribing medication that harms plaintiff's condition, misdiagnosing her and causing her to incur any unnecessary medical bills, or even ordering unnecessary tests and causing plaintiff to incur this expense. For example, Dr. Woodward says Dr. Van Houten had no basis to order a cervical MRI. I believe a good portion of your cases involves the allegation that plaintiff's doctors provided unnecessary treatment. Based on the 2d Restatement of Torts, section 457, the uninsured motorist who caused plaintiff to reasonably see these doctors in the first place is liable.

   20.13 Regarding future damages, see above 20.10.

Rebecca Hozubin
January 17, 2006
Page 3

    24.03 This is the Alaska Pattern Jury Instruction on breach of contract.

    3.01 The plaintiff was undoubtably harmed by the collision. This instruction does not refer to GEICO harming the plaintiff.

    20.01A The plaintiff is entitled to compensation for humiliation too.

    20.02 Regarding future damages, see above 20.10. I think we can include some of additional criteria on awarding future medical expenses.

    I just found a 2006 pattern jury instruction on good faith and fair dealing, numbered it as 57 and enclosed it. Please take a look at it and give me a call.

                                Sincerely,
                                LAW OFFICES OF STEVE SIMS

                                *Jeff Barber/nap*

                                JEFF BARBER
                                Attorney at Law

2154/L Hozubin24
enclosures

National Vital Statistics Reports, Vol. 52, No. 14, February 18 2004    17

Table 6. Life table for white females: United States, 2001

| Age | Probability of dying between ages x to x+1 $q_x$ | Number surviving to age x $l_x$ | Number dying between ages x to x+1 $d_x$ | Person-years lived between ages x to x+1 $L_x$ | Total number of person-years lived above age x $T_x$ | Expectation of life at age x $e_x$ |
|---|---|---|---|---|---|---|
| 0–1 | 0.005059 | 100,000 | 506 | 99,558 | 8,021,551 | 80.2 |
| 1–2 | 0.000424 | 99,494 | 42 | 99,473 | 7,921,992 | 79.6 |
| 2–3 | 0.000281 | 99,452 | 28 | 99,438 | 7,822,519 | 78.7 |
| 3–4 | 0.000203 | 99,424 | 20 | 99,414 | 7,723,082 | 77.7 |
| 4–5 | 0.000172 | 99,404 | 17 | 99,395 | 7,623,668 | 76.7 |
| 5–6 | 0.000150 | 99,387 | 15 | 99,379 | 7,524,272 | 75.7 |
| 6–7 | 0.000140 | 99,372 | 14 | 99,365 | 7,424,893 | 74.7 |
| 7–8 | 0.000136 | 99,358 | 13 | 99,351 | 7,325,528 | 73.7 |
| 8–9 | 0.000121 | 99,344 | 12 | 99,338 | 7,226,177 | 72.7 |
| 9–10 | 0.000121 | 99,332 | 12 | 99,326 | 7,126,839 | 71.7 |
| 10–11 | 0.000109 | 99,320 | 11 | 99,315 | 7,027,513 | 70.8 |
| 11–12 | 0.000122 | 99,309 | 12 | 99,303 | 6,928,198 | 69.8 |
| 12–13 | 0.000138 | 99,297 | 14 | 99,291 | 6,828,895 | 68.8 |
| 13–14 | 0.000157 | 99,284 | 16 | 99,276 | 6,729,604 | 67.8 |
| 14–15 | 0.000195 | 99,268 | 19 | 99,258 | 6,630,328 | 66.8 |
| 15–16 | 0.000252 | 99,249 | 25 | 99,236 | 6,531,070 | 65.8 |
| 16–17 | 0.000392 | 99,224 | 39 | 99,204 | 6,431,834 | 64.8 |
| 17–18 | 0.000441 | 99,185 | 44 | 99,163 | 6,332,629 | 63.8 |
| 18–19 | 0.000413 | 99,141 | 41 | 99,121 | 6,233,466 | 62.9 |
| 19–20 | 0.000426 | 99,100 | 42 | 99,079 | 6,134,346 | 61.9 |
| 20–21 | 0.000425 | 99,058 | 42 | 99,037 | 6,035,267 | 60.9 |
| 21–22 | 0.000448 | 99,016 | 44 | 98,994 | 5,936,230 | 60.0 |
| 22–23 | 0.000400 | 98,972 | 40 | 98,952 | 5,837,236 | 59.0 |
| 23–24 | 0.000433 | 98,932 | 43 | 98,911 | 5,738,284 | 58.0 |
| 24–25 | 0.000456 | 98,889 | 45 | 98,867 | 5,639,374 | 57.0 |
| 25–26 | 0.000466 | 98,844 | 46 | 98,821 | 5,540,507 | 56.1 |
| 26–27 | 0.000461 | 98,798 | 46 | 98,775 | 5,441,686 | 55.1 |
| 27–28 | 0.000499 | 98,752 | 49 | 98,728 | 5,342,911 | 54.1 |
| 28–29 | 0.000516 | 98,703 | 51 | 98,678 | 5,244,183 | 53.1 |
| 29–30 | 0.000534 | 98,652 | 53 | 98,626 | 5,145,506 | 52.2 |
| 30–31 | 0.000598 | 98,599 | 59 | 98,570 | 5,046,880 | 51.2 |
| 31–32 | 0.000574 | 98,540 | 57 | 98,512 | 4,948,310 | 50.2 |
| 32–33 | 0.000678 | 98,484 | 67 | 98,451 | 4,849,798 | 49.2 |
| 33–34 | 0.000715 | 98,417 | 70 | 98,382 | 4,751,347 | 48.3 |
| 34–35 | 0.000774 | 98,347 | 76 | 98,309 | 4,652,965 | 47.3 |
| 35–36 | 0.000834 | 98,271 | 82 | 98,230 | 4,554,656 | 46.3 |
| 36–37 | 0.000930 | 98,189 | 91 | 98,143 | 4,456,427 | 45.4 |
| 37–38 | 0.001038 | 98,097 | 102 | 98,047 | 4,358,283 | 44.4 |
| 38–39 | 0.001147 | 97,996 | 112 | 97,939 | 4,260,237 | 43.5 |
| 39–40 | 0.001266 | 97,883 | 124 | 97,821 | 4,162,297 | 42.5 |
| 40–41 | 0.001353 | 97,759 | 132 | 97,693 | 4,064,476 | 41.6 |
| 41–42 | 0.001390 | 97,627 | 136 | 97,559 | 3,966,783 | 40.6 |
| 42–43 | 0.001518 | 97,491 | 148 | 97,417 | 3,869,224 | 39.7 |
| 43–44 | 0.001692 | 97,343 | 165 | 97,261 | 3,771,806 | 38.7 |
| 44–45 | 0.001847 | 97,179 | 179 | 97,089 | 3,674,545 | 37.8 |
| 45–46 | 0.001990 | 96,999 | 193 | 96,903 | 3,577,456 | 36.9 |
| 46–47 | 0.002102 | 96,806 | 204 | 96,704 | 3,480,554 | 36.0 |
| 47–48 | 0.002320 | 96,603 | 224 | 96,491 | 3,383,849 | 35.0 |
| 48–49 | 0.002397 | 96,379 | 231 | 96,263 | 3,287,359 | 34.1 |
| 49–50 | 0.002687 | 96,148 | 258 | 96,018 | 3,191,096 | 33.2 |
| 50–51 | 0.002857 | 95,889 | 274 | 95,752 | 3,095,077 | 32.3 |
| 51–52 | 0.003052 | 95,615 | 292 | 95,469 | 2,999,325 | 31.4 |
| 52–53 | 0.003478 | 95,323 | 332 | 95,158 | 2,903,856 | 30.5 |
| 53–54 | 0.003792 | 94,992 | 360 | 94,812 | 2,808,698 | 29.6 |
| 54–55 | 0.004319 | 94,632 | 409 | 94,427 | 2,713,887 | 28.7 |
| 55–56 | 0.004303 | 94,223 | 405 | 94,020 | 2,619,459 | 27.8 |
| 56–57 | 0.005081 | 93,817 | 477 | 93,579 | 2,525,439 | 26.9 |
| 57–58 | 0.005634 | 93,341 | 526 | 93,078 | 2,431,860 | 26.1 |
| 58–59 | 0.006390 | 92,815 | 593 | 92,518 | 2,338,782 | 25.2 |
| 59–60 | 0.006588 | 92,222 | 608 | 91,918 | 2,246,264 | 24.4 |
| 60–61 | 0.007485 | 91,614 | 686 | 91,271 | 2,154,346 | 23.5 |
| 61–62 | 0.008068 | 90,929 | 734 | 90,562 | 2,063,074 | 22.7 |
| 62–63 | 0.009038 | 90,195 | 815 | 89,787 | 1,972,513 | 21.9 |
| 63–64 | 0.009985 | 89,380 | 892 | 88,933 | 1,882,725 | 21.1 |
| 64–65 | 0.010763 | 88,487 | 952 | 88,011 | 1,793,792 | 20.3 |
| 65–66 | 0.011757 | 87,535 | 1,029 | 87,020 | 1,705,781 | 19.5 |
| 66–67 | 0.012854 | 86,506 | 1,112 | 85,950 | 1,618,760 | 18.7 |

18    National Vital Statistics Reports, Vol. 52, No. 14, February 18, 2004

Table 6. Life table for white females: United States, 2001—Con.

| Age | Probability of dying between ages $x$ to $x+1$ $q_x$ | Number surviving to age $x$ $l_x$ | Number dying between ages $x$ to $x+1$ $d_x$ | Person-years lived between ages $x$ to $x+1$ $L_x$ | Total number of person-years lived above age $x$ $T_x$ | Expectation of life at age $x$ $e_x$ |
|---|---|---|---|---|---|---|
| 67–68 | 0.014253 | 85,394 | 1,217 | 84,785 | 1,532,811 | 17.9 |
| 68–69 | 0.015328 | 84,177 | 1,290 | 83,532 | 1,448,025 | 17.2 |
| 69–70 | 0.016842 | 82,886 | 1,396 | 82,188 | 1,364,494 | 16.5 |
| 70–71 | 0.018486 | 81,490 | 1,506 | 80,737 | 1,282,305 | 15.7 |
| 71–72 | 0.020241 | 79,984 | 1,619 | 79,175 | 1,201,568 | 15.0 |
| 72–73 | 0.022162 | 78,365 | 1,737 | 77,497 | 1,122,394 | 14.3 |
| 73–74 | 0.024541 | 76,628 | 1,881 | 75,688 | 1,044,897 | 13.6 |
| 74–75 | 0.026683 | 74,748 | 1,995 | 73,751 | 969,209 | 13.0 |
| 75–76 | 0.029291 | 72,753 | 2,131 | 71,688 | 895,458 | 12.3 |
| 76–77 | 0.032591 | 70,622 | 2,302 | 69,471 | 823,771 | 11.7 |
| 77–78 | 0.035634 | 68,321 | 2,435 | 67,103 | 754,299 | 11.0 |
| 78–79 | 0.039844 | 65,886 | 2,625 | 64,573 | 687,196 | 10.4 |
| 79–80 | 0.044014 | 63,261 | 2,784 | 61,869 | 622,622 | 9.8 |
| 80–81 | 0.048428 | 60,477 | 2,929 | 59,012 | 560,754 | 9.3 |
| 81–82 | 0.055206 | 57,548 | 3,177 | 55,959 | 501,741 | 8.7 |
| 82–83 | 0.058407 | 54,371 | 3,176 | 52,783 | 445,782 | 8.2 |
| 83–84 | 0.067443 | 51,195 | 3,453 | 49,469 | 392,999 | 7.7 |
| 84–85 | 0.075626 | 47,742 | 3,611 | 45,937 | 343,530 | 7.2 |
| 85–86 | 0.083938 | 44,132 | 3,704 | 42,280 | 297,593 | 6.7 |
| 86–87 | 0.092937 | 40,428 | 3,757 | 38,549 | 255,313 | 6.3 |
| 87–88 | 0.102652 | 36,670 | 3,764 | 34,788 | 216,764 | 5.9 |
| 88–89 | 0.113107 | 32,906 | 3,722 | 31,045 | 181,976 | 5.5 |
| 89–90 | 0.124324 | 29,184 | 3,628 | 27,370 | 150,931 | 5.2 |
| 90–91 | 0.136323 | 25,556 | 3,484 | 23,814 | 123,561 | 4.8 |
| 91–92 | 0.149116 | 22,072 | 3,291 | 20,426 | 99,747 | 4.5 |
| 92–93 | 0.162714 | 18,781 | 3,056 | 17,253 | 79,321 | 4.2 |
| 93–94 | 0.177121 | 15,725 | 2,785 | 14,332 | 62,068 | 3.9 |
| 94–95 | 0.192336 | 12,940 | 2,489 | 11,695 | 47,736 | 3.7 |
| 95–96 | 0.208351 | 10,451 | 2,177 | 9,362 | 36,040 | 3.4 |
| 96–97 | 0.225152 | 8,273 | 1,863 | 7,342 | 26,678 | 3.2 |
| 97–98 | 0.242717 | 6,411 | 1,556 | 5,633 | 19,336 | 3.0 |
| 98–99 | 0.261017 | 4,855 | 1,267 | 4,221 | 13,703 | 2.8 |
| 99–100 | 0.280015 | 3,588 | 1,005 | 3,085 | 9,482 | 2.6 |
| 100 years and over | 1.00000 | 2,583 | 2,583 | 6,397 | 6,397 | 2.5 |

INSTRUCTION NO. 1 (Defendant's)

This is a lawsuit against an insurance company about whether it properly adjusted and paid a claim for injuries caused by an uninsured motorist.

The parties agree the uninsured motorist was negligent and caused the collision.

INSTRUCTION NO. 12

After a witness has testified, you may propose questions to the witness, but you are not required to do so. The purpose of allowing you to submit questions is to help you understand the evidence. You should not become aligned with any party or attempt to help or respond to any party with your questions. You must remain neutral and impartial throughout this trial, and you must not assume the role of investigator or advocate.

Please write down the questions you want to ask. Add your [Jury Member Number] [Initials], and pass the questions to me. I will review them and show them to the parties. I may ask your questions or I may allow the parties to ask them.

You must decide independently whether to ask any questions. Do not discuss questions with anyone else including other members of the jury.

I will only allow questions that comply with the Rules of Evidence. Do not hold it against either party if I decide not to ask your questions. The decision whether to ask questions is for the court, and not the parties.

You should consider answers to juror questions the same way that you consider answers to questions posed by the parties. You should not give an answer to a juror question special weight or consideration.

Alaska Pattern Civil Jury Instruction 1.12

INSTRUCTION NO. 19

You must not determine any issue in this case by flipping a coin, drawing straws, or other resort to chance. If you decide that a party is entitled to recover damages, you cannot agree to simply average estimates from each juror. Each of you should use your independent judgment in deciding what you think the appropriate amount of damages should be. But all of you must agree on an amount before entering it on the verdict form.

Alaska Pattern Jury Instructions 02.07 (modified)

INSTRUCTION NO. 26

The verdict form has a series of questions that the jury must answer. Read the verdict form very carefully. Each question is followed by specific instructions telling you what to do next.

All of you must agree to the answer to each question on the verdict form. When all of you reach agreement on each question that you are required to answer, your foreperson should date and sign the verdict form.

If you agree on a verdict before _____ p.m., your foreperson should advise the bailiff by a written note that you have reached a verdict. The bailiff will advise the court, and the court will contact the parties and counsel. As soon as everyone returns to the courtroom, the jury will present the verdict in open court. After the verdict is presented, members of the jury will be excused.

If you do not agree on a verdict before _____ p.m., but you agree later tonight, your foreperson should date and sign the verdict form and place it, together with the instructions and the exhibits, in the envelope I am giving you. The foreperson will seal the envelope and [keep possession of the sealed envelope] [give the sealed envelope to the bailiff]. [Exhibits that do not fit in the envelope may be kept (insert appropriate place).] If you use this method of sealing your verdict, you must return to the jury room tomorrow morning by _____ a.m. You must not speak with anyone concerning the case and the verdict until the verdict is opened in court in your presence.

If you do not agree on a verdict before _____ p.m., you may return to your homes. You must not talk about the case or your deliberations outside of the jury room. Before you go home, the foreperson of the jury should [take the unsigned

verdict form, these instructions and the exhibits, place them in the envelope I am giving you, seal the envelope and [keep possession of the envelope] [give the sealed envelope to bailiff]] [lock the jury room so that the exhibits, instructions, and unsigned verdict form will remain undisturbed]. If you have not agreed on a verdict, you must return to the jury room tomorrow morning by _____ a.m. to continue deliberations.

Alaska Pattern Jury Instruction 02.31 (modified)

INSTRUCTION NO. 31

A person who has a condition or disability at the time of an injury cannot recover damages for that condition or disability. However, she is entitled to recover damages for an aggravation of such pre-existing condition or disability if the aggravation is the legal result of the injury.

This is true even if the person's condition or disability made her more susceptible to the possibility of ill effects than a normally healthy person would have been, and even if a normally healthy person probably would not have suffered any substantial injury. In other words, the law provides that a defendant takes the plaintiff as he or she finds her.

Where a pre-existing condition or disability is so aggravated, the damages as to such condition or disability are limited to the additional damages caused by the aggravation.

Alaska Pattern Civil Jury Instruction 20.11

INSTRUCTION NO. 34

The plaintiff has requested that you award her a separate amount of money in order to punish the defendant and to deter the defendant and others from repeating similar acts. You may award the plaintiff such an amount of money only if the plaintiff proves by clear and convincing evidence that the defendant's conduct which forms the basis of your verdict was oppressive, demonstrated reckless indifference to the interests of others, or was outrageous. Outrageous conduct includes acts done with malice or bad motives. An act or omission is oppressive if the person who performs or fails to perform it injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

I will now define what it means to prove something by clear and convincing evidence. An alleged fact is established by clear and convincing evidence if the evidence induces belief in your minds that the alleged fact is highly probable. It is not necessary that the alleged fact be certainly true or true beyond a reasonable doubt or conclusively true. However, it is not enough to show that the alleged fact is more likely true than not true.

At this time, you must only decide whether the plaintiff has proved by clear and convincing evidence that punitive damages should be awarded. You should not discuss the amount of a punitive damage award at this time, or make any decision about the amount of a punitive damage award. Before you make a decision about the amount of any punitive damage award, I will instruct you on how to determine the amount of the punitive damages award.

Alaska Pattern Jury Instruction 20.20A

INSTRUCTION NO. 43

If you find in favor of the plaintiff, you must then decide how much money, if any, would fairly compensate the plaintiff for the defendant's failure to keep its promise. In order to fairly compensate the plaintiff, your award should put the plaintiff in the same position that the plaintiff would have been in if the defendant had kept its promise.

To make an award for any loss claimed by the plaintiff, you must find that:

1) the plaintiff has shown the amount of the loss; and

(2) when the promise was made, the defendant had reason to foresee that the loss would be a probable result if defendant failed to keep the promise. A defendant has reason to foresee that a loss would be a probable result if either (a) the loss follows in the ordinary course of events from a failure to keep the promise, or (b) the loss follows from special circumstances which the defendant had reason to know about when the promise was made.

Alaska Pattern Jury Instruction 24.09A (modified)

INSTRUCTION NO. 57

Now I will instruct you on the implied promise of good faith and fair dealing.

In every contract, there is an implied promise of good faith and fair dealing. This means that each party promises not to do anything to destroy or injure the right of the other party to receive the benefits of the contract. The implied promise of good faith and fair dealing does not modify the express terms of the contract by adding terms to the contract or prohibiting what the contract explicitly permits.

The defendant violated the implied promise of good faith and fair dealing if you find that it is more likely true than not true that the defendant deprived the plaintiff of a benefit of the contract:

1. intentionally; or
2. by acting in a manner that a reasonable person would regard as unfair.

Alaska Pattern Jury Instruction 24.15