# UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | |
|---|---|
| **TERESA OOTEN MAULE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **3:03-cv-183-JWS** |
| ) | |
| **GOVERNMENT EMPLOYEES INSURANCE** ) | |
| **COMPANY, d/b/a GEICO,** ) | |
| ) | |
| **Defendant.** ) | |
| —————————————————— ) | |

## JURY INSTRUCTIONS

February 6, 2006

## INSTRUCTION NO. 1

### DUTIES OF JURY TO FIND
### FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

**INSTRUCTION NO. 2**

**WHAT IS EVIDENCE**

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which the lawyers have agreed or stipulated.

**INSTRUCTION NO. 3**

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**INSTRUCTION NO. 4**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## INSTRUCTION NO. 5

### CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

**INSTRUCTION NO. 6**

**OPINION EVIDENCE, EXPERT WITNESSES**

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

**INSTRUCTION NO. 7**

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries that have not been received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

## INSTRUCTION NO. 8

### CORPORATION'S STATUS

Under the law, a corporation is a person. It can only act through its employees, agents, directors, and officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers perform within the scope of their authority. The parties agree, and you are instructed that defendant is responsible for the actions of its employees in this case.

All persons are equal before the law, and a corporation is entitled to the same fair and conscientious consideration by you as any other person.

**INSTRUCTION NO. 9**

**PLAINTIFF'S CLAIMS**

I have just explained the principles that will guide your consideration of the evidence presented in this case. Now, I will explain the law concerning plaintiff's claims. She has presented three claims in this case.

Her first claim is that she was harmed because of the negligence of an uninsured driver and that she is entitled to compensation from defendant for her harm in an amount exceeding the $30,000 already paid to her by defendant. I will refer to this claim as the breach of contract claim.

Her second claim is that defendant breached the implied promise of good faith and fair dealing in adjusting her claim for compensation and that as a result she is entitled to compensatory damages in addition to what she may recover as damages for the breach of contract claim. I will refer to this as the breach of implied promise claim.

Her third claim is that defendant breached the implied promise of good faith and fair dealing in adjusting her claim for compensation in a manner that was outrageous and so supports an award of punitive damages. I will refer to this as the punitive damages claim.

## INSTRUCTION NO. 10

## BURDENS OF PROOF

Plaintiff has the burden of proving every element of each of her claims.  The burden of proof on the two claims for compensatory damages, that is the breach of contract claim and the breach of the implied promise claim, is the same.  However, plaintiff must satisfy a higher burden of proof on the punitive damages claim.

With respect to the breach of contract claim and the breach of implied promise claim, plaintiff must prove the elements of each claim by a preponderance of the evidence.  This means you must be persuaded by the evidence that each element is more likely true than not.  Something is more likely than not true if you believe there is a greater than 50 percent chance it is true.  51 percent certainty is sufficient; no more is required.  If you believe the chance something is true is 50/50 or less, you must decide that it is false.

In considering the punitive damages claim, you must first determine if the breach of the implied promise claim has been proved.  If you find the claim has been so proved, then you must determine whether plaintiff has proved by clear and convincing evidence that defendant's conduct which constituted the breach was outrageous.  Something is proved by clear and convincing evidence if you find that it is highly probable that it is true.  The clear and convincing evidence standard is a heavier burden of proof than the preponderance of the evidence standard, but it is a lesser burden than proof beyond a reasonable doubt, which is the standard used in criminal cases.  Conduct is outrageous if it is undertaken with reckless indifference to plaintiff's interests under the insurance contract or is done with malice or is based on bad motives.

**INSTRUCTION NO. 11**

**ELEMENTS OF BREACH OF CONTRACT CLAIM**

To find that plaintiff is entitled to recover compensatory damages on the breach of contract claim, you must find that it is more likely true than not true that (1) the uninsured motorist caused plaintiff to suffer an injury or aggravated an existing condition or disability, and (2) fair and just compensation for such injury or aggravation and any related expenses exceeds the $30,000 paid to her by defendant.

## INSTRUCTION NO. 12

### ELEMENTS OF BREACH OF IMPLIED PROMISE CLAIM

To find that plaintiff is entitled to recover compensatory damages on the breach of implied promise claim, you must find it is more likely true than not true that (1) the negligence of the uninsured motorist caused plaintiff to suffer an injury or aggravated an existing injury, (2) defendant's conduct in adjusting plaintiff's claim to be compensated caused plaintiff to suffer loss in addition to that caused by the negligent driver, and (3) that such additional loss was caused by defendant's breach of the implied promise of good faith and fair dealing.

Defendant violated the implied promise of good faith and fair dealing if you find it is more likely true than not true that defendant deprived plaintiff of a benefit of the insurance contract either intentionally or by acting in a manner which was unreasonable and which defendant should have known would cause plaintiff to suffer additional loss.

In deciding whether defendant breached the implied promise of good faith and fair dealing, you may consider the following:

1. Alaska Statute 21.36.125 provides that an insurance company may not commit or engage any of the following acts or practices:

a) fail to adopt and implement reasonable standards for prompt investigation of claims;

b) refuse to pay a claim without a reasonable investigation of all of the available information and an explanation of the basis for denial of the claim or for an offer of compromise settlement;

c) fail to attempt in good faith to make prompt and equitable settlement of claims in which liability is reasonably clear;

d) engage in a pattern or practice of compelling insureds to litigate for recovery of amounts due under insurance policies by offering substantially less than the amounts ultimately recovered in actions brought by those insureds;

e) compel an insured in a case in which liability is clear to litigate for a recovery of an amount due under an insurance policy by offering an amount that does not have an objectively reasonable basis in law and fact and that has not been documented in the insurer's file; and

f) fail to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

2.  The Alaska Administrative Code states that any person transacting a business of insurance who participates in the investigation, adjustment, negotiation or settlement of a claim shall promptly undertake the investigation of a claim after notification of the claim is received, and shall complete the investigation within 30 working days, unless the investigation cannot reasonably be completed using due diligence.  Unless the notification of a claim is in the form of a suit, demand for arbitration, application for adjudication, or other pleading, or the claim becomes the subject of such litigation within 30 working days, the person transacting the business of insurance shall give written notification to the claimant that specifically states the need and reasons for additional investigative time and also specifies the additional time required to complete the investigation.  That notification shall be given no later than the 30th working day after notification of the claim is first received.

3.  The Alaska Administrative Code provides that any person transacting a business of insurance who participates in the investigation, adjustment, negotiation or settlement of a claim shall fully disclose to a first-party claimant all relevant benefits and other provisions of coverage under which a claim may be covered.  A first-party claimant means a person asserting a right to payment under his or her own coverage. The parties have agreed that the plaintiff was a first-party claimant.

You may also consider the plaintiff's conduct when deciding whether the defendant acted reasonably.

## INSTRUCTION NO. 13

The insurance policy provides that both parties must agree to arbitration. Either party may decline to arbitrate. This court ruled that the arbitration clause in the insurance policy is legal, enforceable, not contrary to public policy, and within the reasonable expectations of both plaintiff and defendant. However, you may find defendant's decision not to arbitrate is evidence of bad faith if you find it was made for improper purposes.

## INSTRUCTION NO. 14

## COMPENSATORY DAMAGES

If you find for plaintiff on the breach of contract claim or the breach of the implied promise claim, you must determine her compensatory damages. Compensatory damages means the amount of money which will reasonably and fairly compensate plaintiff. It is the Court's duty to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

In determining compensatory damages, you should consider the following:

1) The nature and extent of the injuries;

2) The disability and loss of enjoyment of life experienced and which with reasonable probability will be experienced in the future;

3) The mental and physical pain and suffering experienced and which with reasonable probability will be experienced in the future;

4) The value of medical care, treatment, and services received to the present time related to the injuries;

5) The value of medical care, treatment, and services relating to the injuries which with reasonable probability will be required in the future;

6) The reasonable value of any earning capacity which with reasonable probability will be lost in the future.

The plaintiff has the burden of proving the damages discussed above by a preponderance of the evidence. If you decide that damages should be awarded, your award must be based upon evidence and not upon speculation, guesswork or conjecture.

## INSTRUCTION NO. 15

### PUNITIVE DAMAGES

Punitive damages are designed to punish a defendant and to deter the defendant and others from repeating similar acts.  It is because these damages are punishment, that a higher burden of proof is required.

The law provides no fixed measure as to the amount of punitive damages, if any, you may award.  The law leaves it to you to decide an amount that will fairly accomplish the purposes of punishing the defendant and deterring defendant and others from repeating similar acts.  In determining an amount of punitive damages to be awarded, you may consider:

1) the likelihood at the time of the conduct that serious harm would result from defendant's conduct;

2) the degree of defendant's awareness of the likelihood at the time of the conduct that serious harm to plaintiff would result from defendant's conduct;

3) the amount of financial gain that defendant received or expected to receive as a result of defendant's conduct;

4) the duration of defendant's conduct and whether there was any intentional concealment of the conduct;

5) the attitude and conduct of defendant upon discovery of the conduct;

6) the amount of compensatory damages awarded to plaintiff; and

7) the financial condition of defendant.

## INSTRUCTION NO. 16

## AGGRAVATION OF EXISTING CONDITION OR DISABILITY

A person who has a condition or disability at the time of an injury cannot recover damages for that condition or disability, but she is entitled to recover damages for an aggravation of such pre-existing condition or disability if the aggravation is the legal result of the injury.

This is true even if the person's condition or disability made her more susceptible to the possibility of ill effects than a normally healthy person would have been. Where a pre-existing condition or disability is so aggravated, the damages which may be awarded are limited to compensation for the additional loss caused by the aggravation.

**INSTRUCTION NO. 17**

**NON-ECONOMIC LOSSES**

You may award the plaintiff a fair amount to compensate her for pain and suffering, loss of enjoyment of life, physical impairment, and inconvenience resulting from her injury. Such an award should fairly compensate plaintiff for the non-economic losses she has experienced from the date of the injury until the date of trial and for non-economic losses that she is reasonably probable to experience in the future. In deciding how long plaintiff may experience such losses in the future, you may need to consider her current life expectancy.

The law does not establish a definite standard for deciding the amount of compensation for non-economic losses, and the law does not require that any witness testify as to the dollar value of non-economic losses. You must exercise your reasonable judgment to decide a fair amount in light of the evidence and your experience.

If you decide to award plaintiff damages for future non-economic losses, in deciding the amount to be awarded you must disregard the fact that any amount you award plaintiff now may be paid before the actual loss occurs, and you must also disregard the fact that the value of money may change over time.

## INSTRUCTION NO. 18

## LIFE EXPECTANCY

If, but only if, you conclude that some of plaintiff's future losses will be of many years duration, you must consider her life expectancy.  The parties have agreed that plaintiff's life expectancy is 50 more years.

**INSTRUCTION NO. 19**

**DAMAGES—MITIGATION**

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1. that the plaintiff failed to use reasonable efforts to mitigate damages; and

2. the amount by which damages would have been mitigated.

Any award of compensatory damages you would otherwise award must be reduced by the amount, if any, you find defendant has proved plaintiff could have, but did not, mitigate.

## INSTRUCTION NO. 20

## DUTY TO DELIBERATE

Now that I have explained the evidentiary rules and the law that apply to this case, I will tell you about the mechanics of the deliberation process. When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**INSTRUCTION NO. 21**

**USE OF NOTES**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

## INSTRUCTION NO. 22

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**INSTRUCTION NO. 23**

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

GIVEN at Anchorage, Alaska, this _____ day of February, 2006.

_____
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE