JEFF BARBER
Law Offices of Steve Sims
821 N STREET, SUITE 103
ANCHORAGE, AK  99501
(907) 276-5858
Attorneys for the Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TERESA OOTEN MAULE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Government Employees ) | |
| Insurance    Company, ) | |
| d\b\a GEICO, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | Case No. 3:03-cv-00183-JWS |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF**
**MOTION FOR ATTORNEY FEES**

The plaintiff, Ms. Maule, requests the court to award full reasonable

attorney fees in the amount of $46,759.00 as set forth in the Affidavit of Counsel

attached as Exhibit 1.  Alaska Civil Rule 82(b)(3)(A), (C), (D), (E), (F), (G), (H), (I), (J),

and (K) authorize such an award. See <u>Klopfenstein v. Pargeter</u>, 597 F.2d 150, 152 (9th Cir. 1979) (applying Alaska's state law attorney fee provisions including Rule 82 to federal diversity actions).  Under Alaska law, Ms. Maule is entitled to full reasonable attorney fees at the prevailing reasonable rate notwithstanding her obligation to pay according to a 1/3 contingency agreement.  <u>Arctic Slope Native Association v. Paul</u>, 609 P.2d 32, 38 (Alaska 1980) citing <u>Gregory v. Sauser</u>, 574 P.2d 445, 445 (Alaska 1978). Full reasonable attorney fees are also authorized by AS 45.50.537(a) because GEICO's actionable conduct constituted an unfair trade practice.

**1.  Full Attorney Fees are Justified Pursuant to Alaska Civil Rule 82(b)(3).**

Ms. Maule is the prevailing party entitled to attorney fees under Alaska Civil Rule 82 because the jury awarded twice the amount that GEICO paid under its uninsured motorist coverage, and the jury determined that GEICO acted in bad faith. GEICO forced this case to trial by refusing to participate in a settlement conference or mediation.  See Rebecca Hozubin's letter dated August 30, 2004 attached as Exhibit 2. Instead, GEICO spent an estimated $80,000 on attorney fees to litigate with an injured person primarily trying to recover $30,000 under an insurance policy.  Alaska Civil Rule 82(b)(3) sets forth appropriate grounds to award Ms. Maule $46,759.00:

>    (3) The court may vary an attorney's fee award calculated under subparagraph (b)(1) or (2) of this rule if, upon consideration of the factors listed below, the court determines a variation is warranted:
>
>    (A) the complexity of the litigation;
>
>    (B) the length of trial;

(C) the reasonableness of the attorneys' hourly rates and the number of hours expended;

(D) the reasonableness of the number of attorneys used;

(E) the attorneys' efforts to minimize fees;

(F) the reasonableness of the claims and defenses pursued by each side;

(G) vexatious or bad faith conduct;

(H) the relationship between the amount of work performed and the significance of the matters at stake;

(I) the extent to which a given fee award may be so onerous to the non-prevailing party that it would deter similarly situated litigants from the voluntary use of the courts;

(J) the extent to which the fees incurred by the prevailing party suggest that they had been influenced by considerations apart from the case at bar, such as a desire to discourage claims by others against the prevailing party or its insurer; and

(K) other equitable factors deemed relevant.

Alaska Civil Rule 82(b)(3).

Many of these factors apply in this case as described below. Furthermore, awarding less than the reasonable amount of attorney fees required to obtain justice in a case like this will have a chilling effect for other injured Alaskans with similar disputes, where the expense and risk may outweigh any benefits rightfully sought. Judge Singleton accurately observed that this was a test case. As a matter of public policy, the prevailing party should be awarded full reasonable attorney fees at the prevailing reasonable rate. GEICO's conduct warrants this attorney fee.

      **a. GEICO's Conduct Was Oppressive and Deters Claimants From Disputing Claims Contrary to the Provisions of Alaska Civil Rules 82(b)(3)(G), (H), (I), (J), and (K).**

GEICO's representative testified that one of the reasons GEICO wants to litigate with its insureds instead of arbitrating is to use Alaska Civil Rule 68 to get attorney fees through Offers of Judgment.  Notwithstanding how this rule is trumped by FRCP 68 in federal cases, applying Alaska Civil Rule 68 attorney fees was one of GEICO's expressed reasons for requiring its insured to sue over UM claims instead of arbitrating.  The testimony was something to the effect that "parties" (read "claimants") will be more *reasonable* with Rule 68.  The implication is that the threat of significant attorney fees, which can easily outweigh the amount in dispute, coerces people to settle.  This motive is troubling and suggests oppressive conduct warranting attorney fees against GEICO under Alaska Civil Rules 82(b)(3)(G), (H),(I),(J), and (K).  These rules appear designed to prohibit insurance corporations with vast resources from using their money and litigation savvy to deter individuals from pursuing claims.  GEICO spent probably $80,000 and forced its insured to incur a similar detriment in order to recover $30,000 under the policy, which was the only money sought until the case was removed to federal court and it was clear that GEICO would never compromise.  GEICO unfairly and intentionally required the expense of over a hundred thousand dollars in combined attorney resources, plus the court's resources, to fight over $30,000.

**b.  Alaska Civil Rules 82(b)(3)(A), (C), (D), (E) and (F) Support Full Reasonable Attorney Fees Because the Ms. Maule's Attorneys Reasonably Pursued Claims that Were Vehemently Disputed by GEICO.**

Ms. Maule prevailed in a case involving complex issues of insurance bad faith and a personal injury tort trial within the breach of contract trial, and her attorneys

expended minimum hours in doing so.  See Exhibit 1 and Alaska Civil Rule 82(b)(3)(A), (C), (D) and (E).  GEICO aggressively but unsuccessfully litigated many issues that were unreasonable, like issues involving drug use, bad conduct, seat-belt use, and where GEICO unfairly tried to restrict most of the relevant testimony from medical witnesses, all of which made the case more difficult to pursue.  Alaska Civil Rule 82(b)(3)(F).  As described above, the plaintiff was reasonable pursuing her claims, and suggested mediation but GEICO refused.  Alaska Civil Rule 82(b)(3)(F).  Each of these factors support awarding the $46,759.00 sought by Ms. Maule.

**2. Full Reasonable Attorney Fees are Justified Because GEICO's Conduct was an Unfair Trade Practice. AS 45.50.537(a).**

"In an action brought by a private person under AS 45.50.471 - 45.50.561, a prevailing plaintiff shall be awarded costs as provided by court rule and full reasonable attorney fees at the prevailing reasonable rate." AS 45.50.537(a).  "Unfair methods of competition and _unfair_ or deceptive _acts or practices in the conduct of trade or commerce_ are declared to be unlawful."  AS 45.50.471(a) [emphasis added].  AS 45.50.471(b) provides a laundry list of common unfair business practices, but subsection (c) states: "The unlawful acts and practices listed in (b) of this section are in addition to and do not limit the types of unlawful acts and practices actionable at common law or under other state statutes" AS 45.50.471(c).  Ms. Maule's insurance bad faith claim is a common law action falling under this state law which requires full reasonable attorney fees at the prevailing reasonable rate, and GEICO's actionable conduct forming the basis of Ms. Maule's other prevailing claim also constitutes an unfair trade act.

**Conclusion**

For the reasons set forth above, the Court should award attorney fees in the amount of $46,759.00.

DATED at Anchorage, Alaska this 17 day of February, 2006.

LAW OFFICE OF STEVE M. SIMS
Attorney for Plaintiff

By:   s/ JEFFREY J. BARBER
821 N Street Suite 103
Anchorage   AK 99501
Phone: (907) 276-5858
Fax: (907) 276-5817
Email: jbarber@alaskainjury.com
ABA No.: 0111058

CERTIFICATE OF SERVICE AND TYPEFACE
I hereby certify that on February 17, 2006 a copy of the foregoing
Plaintiff's Motion for Attorney's Fees was served electronically on:

Rebecca Hozubin

I Further certify that the typeface used in the
foregoing document is Times New Roman 13.

S/   JEFFREY J. BARBER