JEFF BARBER
Law Offices of Steve Sims
821 N STREET, SUITE 103
ANCHORAGE, AK  99501
(907) 276-5858
Attorneys for the Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TERESA OOTEN MAULE,           )<br>                                                       )<br>              Plaintiff,            )<br>                                                       )<br>vs.                                                )<br>                                                       )<br>Government Employees       )<br>Insurance     Company,         )<br>d\b\a GEICO,                         )<br>                                                       )<br>              Defendant.          )<br>_____ ) | Case No. 3:03-cv-00183-JWS |

## **OPPOSITION TO GEICO'S MOTION FOR OFFSET**

A party has a duty to disclose information supporting claims and defense, without awaiting a discovery request, and has a duty to supplement.  F.R.C.P. 26(a)(1)(A), (B), (C), and (e)(1).  This is especially true for affirmative defenses in fact, like where GEICO already paid some of the medical expenses claimed by Ms. Maule.  F.R.C.P. 12(b).  It was a surprise at trial when GEICO's adjuster indicated that GEICO paid Medicaid directly for some of the claimed medical expenses.  This information was not included in the joint statement of facts.  In fact, the jury was instructed that the judge

would only offset $30,000 paid by GEICO after the jury's award. If GEICO paid additional money, then why did it wait until after the trial to disclose this fact and defense? The result was unfairly prejudicial to Ms. Maule because the more bills paid by GEICO for her treatment, then the more likely her treatment was due to the collision, and GEICO's position appears more inconsistent.

"A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use such evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions." F.R.C.P. 37(c)(1).

GEICO is not entitled to introduce evidence after the trial to support an offset. If the court allows GEICO to use such evidence, then Ms. Maule moves for a monetary sanction for failure to disclose the evidence under F.R.C.P. 37(c)(1) equal to the amount of the offset claimed by GEICO because failure to disclose the payment hurt Ms. Maule's case against GEICO. Why did GEICO give special treatment to the State of Alaska and pay bills to it under the UM coverage, but not pay any of the other bills where Ms. Maule or her own insurance was responsible? If GEICO did mean to pay some of her outstanding medical bills under the UM coverage (which it denied at trial), then it failed to explain payment of some bills and denial of others pursuant to AS 21.36.125(a): "A person may not commit any of the following acts or practices: . . . (15)

fail to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement;" and 3 AAC 26.070(a)(1) where a person adjusting a first-party claim must state specific facts upon which the denial is based, for example, were GEICO pays some bills under the UM coverage, but not others.

**CONCLUSION**

For the reasons set forth above, GEICO's Motion for Offset must be denied.

DATED at Anchorage, Alaska this 24 day of February, 2006.

LAW OFFICE OF STEVE M. SIMS
Attorney for Plaintiff

By:   s/ JEFFREY J. BARBER
821 N Street Suite 103
Anchorage   AK 99501
Phone: (907) 276-5858
Fax: (907) 276-5817
Email: jbarber@alaskainjury.com
ABA No.: 0111058

CERTIFICATE OF SERVICE AND TYPEFACE
I hereby certify that on February 24, 2006 a copy of the foregoing
Plaintiff's Opposition to Motion for Offset was served electronically on:

Rebecca Hozubin

I Further certify that the typeface used in the
foregoing document is Times New Roman 13.

S/   JEFFREY J. BARBER