Rebecca J. Hozubin, Esq.
Wilkerson, Hozubin & Burke
310 K Street, Suite 405
Phone: 907 276-5297
Fax: 907 276-5291
E-mail: Rebecca@wilkersonlaw.net
AK Bar # 9806016


Attorneys for Defendant GEICO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TERESA OOTEN MAULE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| GEICO GENERAL INSURANCE ) | |
| COMPANY, d\b\a GEICO, ) | |
| ) | |
| Defendant. ) | |
| _____) | Case No. A03-0183 CV (JWS) |

**DEFENDANT'S COUNTERMOTION AND MEMORANDUM
FOR PREVAILING PARTY STATUS**

COMES NOW, defendant GEICO, through counsel, Wilkerson, Hozubin & Burke, and moves for an order that defendant is the prevailing party.[1]

The prevailing party is the one that succeeds on the main issue.[2] The Alaska Supreme Court recognizes exceptions to this

---

[1] Defendant is not seeking an award of fees, only a ruling that it is the prevailing party.
[2] Plaintiff alleges that the main issues were the bodily injury claim and the bad faith claim. However, a brie review of the Third Amended Complaint reveals that the arbitration issue was the main issue in this case.

rule. When recovery is *de "minimis"* or "incidental" plaintiff is not the prevailing party.[3]

> Prevailing party status does not automatically follow if the party receives an affirmative recovery but rather it is based upon which party prevails on the main issues. A party who successfully defeats a claim of great potential liability may be the prevailing party even if the other side is successful in receiving an affirmative recovery.[4]
>
> …
>
> Schwartz faced a potential liability of $275,000 but must pay only $1,937.09 less 40%. The jury awarded Hutchins nothing for his claims of future lost income and lost enjoyment of life. Additionally, Hutchins did not prevail entirely on the issue of liability since he was found to be 40% comparatively negligent. In light of the foregoing facts, we conclude that the trial court did not abuse its discretion by finding that Schwartz was the prevailing party.[5]

In this case plaintiff asked the jury for approximately $1,300,000. Plaintiff was awarded only $27,500. $1,000,000 of that request was for punitive damages; the jury awarded none. $60,000-$70,000 of that request was for past general damages; the jury awarded $20,000. $50,000 of that request was for future special damages, including medical care and impairment of ability to earn income; the jury awarded none. $50,000 of

---

Plaintiff tried to prevent this trial by any means possible. Plaintiff vehemently argued that defendant was not entitled to a jury. Plaintiff asked the court to force arbitration, and sought an injunction to require defendant to rewrite every policy issued in the State of Alaska. Clearly the arbitration issue was the main issue in this case, and plaintiff lost on that issue.

[3] Hutchins v. Schwartz, 724 P.2d 1194, 1204 (Alaska 1986), and Jones & Sons Inc. v. CR Lewis Co., 497 P.2d 312 (Alaska 1972).
[4] Hutchins, 724 P.2d at 1204 (citation omitted).
[5] Id.

that request was for future general damages; the jury awarded none.  $100,000 of that request was for breach of the covenant of good faith and fair dealing; the jury awarded $7,500.  In short, plaintiff recovered only 2% of what she asked the jury to award.  Not only is plaintiff not entitled to full reasonable actual attorney fees, plaintiff is not the prevailing party.[6]

Defendant respectfully requests the court rule that defendant is the prevailing party, award plaintiff no attorney fees, and offset the fees previously awarded to defendant from the judgment.[7]

DATED this 27th day of February 2006.

                              Wilkerson, Hozubin & Burke

                         By: s/Rebecca J. Hozubin
                              310 K Street, Suite 405
                              Phone: 907 276-5297
                              Fax: 907 276-5291
                              E-mail: Rebecca@wilkersonlaw.net
                              Attorneys for Defendant GEICO
                              AK Bar No. 9806016

---

[6] Id.
[7] On August 4, 2005 the court ruled that "GEICO should not have to repeatedly defend against settled issues" and awarded full fees for having to do so.[7]  Plaintiff never abided by the court's order and paid the fees.  Based on the foregoing, defendant is entitled to a $1,072 offset on any fees awarded to plaintiff.  If plaintiff is awarded no fees, defendant is entitled to an offset on the judgment for this prior award.

<u>CERTIFICATE OF SERVICE</u>
I hereby certify that on the
27th day of February 2006, a copy
of foregoing Defendant's Opposition to
Motion for Attorney's Fees
was served electronically and by mail
on the following:

Jeff Barber, Esq.
Law Offices of Steve M. Sims
821 N Street, Suite 103
Anchorage, AK  99501

WILKERSON, HOZUBIN & BURKE

By: s/Rebecca J. Hozubin

2000.232/plead/Opp to Mtn for Fees- Counter