Rebecca J. Hozubin, Esq.
Wilkerson, Hozubin & Burke
310 K Street, Suite 405
Phone: 907 276-5297
Fax: 907 276-5291
E-mail: Rebecca@wilkersonlaw.net
AK Bar # 9806016


Attorneys for Defendant GEICO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TERESA OOTEN MAULE,        )<br>                            )<br>            Plaintiff,      )<br>                            )<br>     vs.                    )<br>                            )<br>GEICO GENERAL INSURANCE     )<br>COMPANY, d\b\a GEICO,       )<br>                            )<br>            Defendant.      )<br>_____)  | Case No. A03-0183 CV (JWS) |

### DEFENDANT'S OPPOSITION TO MOTION FOR COSTS

COMES NOW, defendant GEICO, through counsel, Wilkerson, Hozubin & Burke, and opposes plaintiff's Motion for Costs. First, plaintiff is not entitled to costs, as plaintiff is not the prevailing party.[1]  Second, the Motion for Costs does not comply with Local Rule 54.1.[2]  Finally, the request for costs includes many items that are not recoverable under Local Rule 54.1 or Ak.R.Civ.P. 79 and as such should be excluded.

---

[1] *See* Defendant's Countermotion for Prevailing Party Status, Docket 174. Defendant adopts those arguments herein.
[2] This will be the subject of a separate Motion to Strike the Motion for Costs.

Local Rule 54.1 allows the recovery of few costs. Of plaintiff's claimed costs, the only that would be covered, if any, are as follows:

1. filing fee ($150);

2. service of the filing fee ($32.90);

3. the reasonable expenses of the deposition reporter;

The only deposition taken by plaintiff wherein plaintiff would have paid for the reporter is Sue Smith. The fee presented for $404.25 clearly includes the transcript and the sitting fee for the reporter. Without disclosure of the bill as required by Local Rule 54.1 it is impossible to ascertain that which is recoverable.

4. witness fees ($45.00 for Dr. Chisholm and $45.00 for Dr. Chester);

Again without the receipt it is impossible to know when a witness fee would be more than the statutorily required $45.00, especially in light of the fact that Dr. Chisholm testified telephonically.

5. medical records; and

All of these charges are in dispute as it is not clear when these charges were incurred, whether as a result of the litigation or post litigation. Further, defendant disputes the "Operating Engineers Records" as there were no such records ever disclosed by plaintiff under that name.

      6.    copying charges for discovery and used in the case.

Once again, an invoice has not been provided so the amount that would not be in dispute if plaintiff were to be found prevailing party cannot be ascertained. It is unclear what the copies were for, and when they were made.

The remainder of the charges claimed by plaintiff are not allowed under Local Rule 54.1 and as such should be excluded.

Plaintiff also claims costs pursuant to Ak.R.Civ.P. 79. Once again many of the costs would not be allowed under this rule either. The following are allowed:

      1.    filing fee ($150);

      2.    service of the filing fee ($32.90);

      3.    certain deposition fees;

The costs alleged by plaintiff are not documented, and until documented are disputed in their entirety.

      4.    Witness fees; ($12.50 for Dr. Chisholm and $12.50 for Dr. Chester)

Pursuant to Rule 79 only $12.50 witness fees are allowed, not the $45.00 and $119.86 claimed by plaintiff.

      5)    Medical Records;

All of these charges are in dispute as it is not clear when these charges were incurred, whether as a result of the litigation or post litigation. Further, defendant disputes the

"Operating Engineers Records" as there were no such records ever disclosed by plaintiff under that name.

6)   In house copies; and

Once again, an invoice has not been provided so the amount that would not be in dispute if plaintiff were to be found prevailing party cannot be ascertained.  It is unclear what the copies were for, and when they were made.

The remainder of the charges claimed by plaintiff are not allowed under Alaska Rule 79 and as such should be excluded. Defendant respectfully requests the court deny any costs as plaintiff is not the prevailing party.  If the court grants plaintiff prevailing party status, defendant requests the court order plaintiff to produce the invoices, and the plaintiff request a meeting with the clerk as appropriate, so that the cost bill may be done by the appropriate guidelines.

DATED this 27th day of February 2006.

                              Wilkerson, Hozubin & Burke

                       By: s/Rebecca J. Hozubin
                           310 K Street, Suite 405
                           Phone: 907 276-5297
                           Fax: 907 276-5291
                           E-mail: Rebecca@wilkersonlaw.net
                           Attorneys for Defendant GEICO
                           AK Bar No. 9806016

CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of February 2006, a copy of foregoing Defendant's Opposition to Motion for Attorney's Fees was served electronically and by mail on the following:

Jeff Barber, Esq.
Law Offices of Steve M. Sims
821 N Street, Suite 103
Anchorage, AK  99501

WILKERSON, HOZUBIN & BURKE

By: s/Rebecca J. Hozubin

2000.232/plead/Opp to Mtn for Fees