JEFF BARBER
Law Offices of Steve Sims
821 N STREET, SUITE 103
ANCHORAGE, AK  99501
(907) 276-5858
Attorneys for the Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| TERESA OOTEN MAULE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Government Employees | ) | |
| Insurance      Company, | ) | |
| d\b\a GEICO, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | Case No. 3:03-cv-00183-JWS |

## REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY FEES

GEICO's declaration that it is the prevailing party is another example of

its unreasonable litigation positions supporting higher attorney fees pursuant to Alaska

Civil Rule 82(b)(3)(F).

**I. Ms. Maule is the prevailing party.**

A party is the "prevailing party" under Alaska Civil Rule 82 if he or she is successful with regard to the main issues in the action. Cooper v. Carlson, 511 P.2d 1305, 1307-09 (Alaska 1973). A litigant may be the prevailing party even if the other side receives some affirmative recovery. Alaska Placer Co. v. Lee, 553 P.2d 54, 63 (Alaska 1976). "The dictionary states that 'PREVAILING applies esp. to that which is predominant,' and it has been established by case law that the prevailing party to a suit is the one who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not to the extent of the original contention. He is the one in whose favor the decision or verdict is rendered and judgment entered." Continental Ins. Co., v. U.S. Fid. & Guar. Co., 552 P.2d 1122, 1125 at fn 8 (Alaska 1976) citing Buza v. Columbia Lumber Co., 395 P.2d 511, 514 (Alaska 1964).

Counting the number of digits behind a dollar sign for each claimed category on the verdict form does not accurately reflect the predominant issue in the case. For example, any punitive award against a huge insurance company would necessarily involve a lot of money to have any deterrence, but punitive damage was not the main issue in this case. The predominant issue was breach of the uninsured motorist contract which involved evaluation of physical injury suffered in the auto collision. The next issue pertained to bad faith. Virtually all exhibits and the bulk of trial testimony pertained to these issues. This case was never about millions of dollars in punitive damages. Neither was the case predominantly about GEICO revising all of its insurance policies. See Ms. Maule's offer of judgment for $35,000 including interest, costs and

attorney fees made at the outset of this litigation and attached as Exhibit 1.  A settlement

offer is relevant evidence of the amount in controversy if it appears to reflect a

reasonable estimate of the plaintiff's claim.  <u>Cohn v. Petsmart</u>, 281 F.3d 837, 840 (9th

Cir. 2002).

   Ms. Maule prevailed on the predominant issue when the jury returned a

verdict for twice what GEICO paid under the UM claim.  The next subject related to bad

faith, and the jury found that GEICO acted in bad faith and awarded another $7,500 in

compensatory damages.  Ms. Maule prevailed on this secondary issue, even though the

jury did not find GEICO's conduct was outrageous by clear and convincing evidence or

awarded punitive damages.  The verdict was in favor of Ms. Maule.  The judgment after

the offset for what GEICO paid under the UM and med pay is in favor of Ms. Maule.

The predominant issue was never million dollar punitive damages, nor did it hinge on

the preliminary arbitration versus litigation motion practice as reflected by 1) Ms.

Maule's offer of judgment, 2) the overall motion practice, 3) the witnesses, and 4) the

trial itself.  GEICO's position that it is the prevailing party is totally unreasonable.

## II.  Ms. Maule's counsel has not committed a "falsehood," the attorney fees sought are not "exorbitant," and <u>Arctic Slope Native Assoc. v. Paul</u> is still good law.

   Ms. Maule's counsel plainly stated that she pays attorney fees of 1/3 of the

recovery, i.e., 33-1/3%, in the very first paragraph of the Memorandum in Support of the

Motion for Attorney fees and by affidavit.  The federal rules indicate that: "If directed

by the court, the motion [for attorney fees] shall also disclose the terms of any

agreement with respect to fees to be paid for the services for which claim is made."

F.R.C.P. 54(d)(2)(B).  As described above, the contingency agreement is not a secret.

See Exhibit 2, Ms. Maule's retainer agreement.  However, the case law in Alaska does

not limit attorney fee awards to the actual amount paid by the parties.  In fact, the

Alaska Supreme Court specifically authorizes Rule 82 awards based on an attorney's

typical hourly rate when a party has a contingency agreement: "In our view, the trial

court did not err in calculating what Pruitt's reasonable fees would have been based on

the time expended by his attorney multiplied by the attorney's typical hourly rate even

though actual fees may have been charged on a contingent basis." USAA v. Pruitt, 38

P.3d 528, 534 (Alaska 2001).  Ms. Maule's counsel submits that $190 per hour for the

work performed is reasonable.  She provides an hourly breakdown to support the request

for attorney fees under Alaska Civil Rule 82(b)(3).

Arctic Slope Native Association v. Paul is still good law for the

proposition that Rule 82(b)(3) attorney fee awards are not restricted by the fees paid by

the client:  "We have held in several cases, however, that 'a client's absence of

obligation to pay for legal services rendered does not preclude an award of attorney's

fees under Civil Rule 82.'"  Cizek v. Concerned Citizens, 71 P.3d 845, 849 (Alaska

2003) citing Arctic Slope Native Association v. Paul, 609 P.2d 32, 38 (Alaska 1980) and

Gregory v. Sauser, 574 P.2d 445, 445 (Alaska 1978).  In Cizek, the trial court properly

increased attorney fees under Alaska Civil Rule 82(b)(3), and arguments similar to those

made by GEICO about parties paying attorneys less than the attorney fee award were

rejected by the Alaska Supreme Court. Cizek, 71 P.3d at 850.  As stated above, the

Alaska Supreme Court specifically rejected the arguments made by GEICO that Ms.

Maule is not entitled to Rule 82 attorney fees based on an hourly summary when she has

a contingency agreement.  USAA v. Pruitt, 38 P.3d 528, 534 (Alaska 2001).

        The court should base a Rule 82 award on the *value* of the attorney's

services in this case:  "We have also noted that 'where an attorney charges no fee or a

lower than usual fee, however, the proper approach is to value the attorney's services

and make a Rule 82 award which is some fraction of this value. Arctic Slope Native

Association v. Paul, 609, P.2d 32, 38 (Alaska 1980)." Municipality of Anchorage v.

Gallion, 944 P.2d 436, 448 (Alaska 1997).   A contingency agreement for 1/3 is a low

fee considering the issues involved in this case.  As described above and illustrated in

the offer of judgment attached as Exhibit 1, this was never a case about huge punitive

damages.  Allowing GEICO to obtain benefit from Ms. Maule's agreement to pay

contingency fees would have a chilling effect on the ability of Alaskans to find attorneys

to dispute cases with large insurance companies.

        In the USAA v. Pruitt case, the trial court awarded 75% of the plaintiff's

attorney fees noting that "In this case, the issue was of substantial importance to

defendant and was vigorously defended by it.  The issues were unique and plaintiff's

efforts were effective, efficient and although driven by economic motive, also had broad

beneficial effect for the public." Pruitt, 38, P.3d at 531.  Pursuing claims like the

insurance bad faith in this case has similar benefit for the public.  So does contending

with an auto insurance breach of contract claim that can only yield $30,000 maximum

damages under Alaska's typical $50,000 UM coverage, when any car insurance

company can outspend its insured and take the profit out pursuing the claim for any

attorney representing the insured.  GEICO's conduct of incurring more litigation expense than the amount in controversy is detrimental to the public.  There is a deterrent effect.  The court should use the hourly summary to determine the value of the attorney's services in this case and award a reasonable attorney fee under Alaska Civil Rule 82(b)(3).

The canons of statutory construction provide that rules are supposed to be read in a way that makes sense.  GEICO reads a phrase in Civil Rule 82(b)1): "The court shall adhere to the following schedule . . . " to contradict, override, and render useless the rule just two paragraphs later in Civil Rule 82(b)(3) where the plain language states: "The court may vary an attorney's fee award calculated under subparagraph (b)(1) or (2) of this rule if, upon consideration of the factors listed below, the court determines a variation is warranted."  There is an obvious purpose to vary the attorney fee award under Civil Rule 82(b)(1) as described in Rule 82(b)(3).  GEICO's contention that the court has no discretion to vary the attorney fee from Civil Rule 82(b)(1) in light of the plain language in Civil Rule 82(b)(3) and of the case law interpreting these rules has no merit.

GEICO pleads in its Opposition to Plaintiff's Motion for Attorney Fees that: "Defendant is not seeking an award of fees, only a ruling that it is the prevailing party."  Then, in its Opposition to Motion for Interest, GEICO pleads that: "Further, if defendant is found to be prevailing party, the judgment should further be reduced by the amount of attorney fees owed by plaintiff to defendant."  If GEICO intends to seek

attorney fees, how in good conscience can it make the statement that it is not seeking an

award of fees?   What is the purpose of the statement?  There are no valid purposes.

       Ms. Maule submits a Revised Order Granting Attorney Fees herewith

which sets forth the proposed findings supporting an award under Alaska Civil Rule

82(b)(3) as described in her Motion and Memorandum.

       DATED at Anchorage, Alaska this    day of March, 2006.

              LAW OFFICE OF STEVE M. SIMS
              Attorney for Plaintiff

              By:   s/  JEFFREY J. BARBER
                   821 N Street Suite 103
                   Anchorage   AK 99501
                   Phone: (907) 276-5858
                   Fax: (907) 276-5817
                   Email: jbarber@alaskainjury.com
                   ABA No.: 0111058

CERTIFICATE OF SERVICE AND TYPEFACE
I hereby certify that on March 3, 2006 a copy of the foregoing
Reply to Defendant's Opposition to Plaintiff's
Motion for Attorney's Fees was served electronically on:

Rebecca Hozubin

I Further certify that the typeface used in the
foregoing document is Times New Roman 13.

S/   JEFFREY J. BARBER