JEFF BARBER
Law Offices of Steve Sims
821 N STREET, SUITE 103
ANCHORAGE, AK  99501
(907) 276-5858
Attorneys for the Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TERESA OOTEN MAULE,           )<br>                                              )<br>                  Plaintiff,           )<br>                                              )<br>vs.                                         )<br>                                              )<br>Government Employees        )<br>Insurance     Company,         )<br>d\b\a GEICO,                          )<br>                                              )<br>                  Defendant.       )<br>_____ ) | Case No. A03-0183 CV (JWS) |

## REVISED ORDER GRANTING PLAINTIFF ATTORNEY FEES

The Court, having considered Plaintiff's Motion for Attorney Fees, defendant's Opposition thereto, and being fully advised in the premises:

//

IT IS HEREBY ORDERED that Plaintiff's Motion for Attorney Fees is GRANTED. The Court finds the following:

1) that the number of hours expended by Ms. Maule's attorneys and the proposed rate are reasonable;

2) that there is a public benefit component to litigating relatively small claims against large corporations;

3) that there is a public benefit component to litigating bad faith adjustment of insurance claims;

4) that GEICO vigorously defended the claims;

5) that GEICO pursued unreasonable defenses;

6) that GEICO's litigation conduct was vexatious;

7) that Ms. Maule was the prevailing party;

8) that Ms. Maule's counsel made efforts to minimize fees;

9) that a fee award under Alaska Civil Rule 82(b)(1) schedule may be so onerous for the prevailing party, Ms. Maule, under the circumstances that it would deter similarly situated litigants from the voluntary use of the courts in a way that contrary to the intent and analogous to Alaska Civil Rule 82(b)(3)(I);

10) that the fees incurred by the non-prevailing party, GEICO, are apparent from the work expended in this case and suggest that they have been influenced by considerations apart from the case at bar, such as a desire to discourage claims by others against it in a way that is contrary to the intent and analogous to Alaska Civil Rule 82(b)(3)(J);

11) that the litigation was complex in light of the bad faith and personal injury litigation subsumed within a breach of insurance contract claim;

12) that there is disparity between the resources of the parties;

IT IS HEREBY ORDERED The defendant GEICO shall pay Ms. Maule attorney fees in the amount of $46,759.00 pursuant to Alaska Civil Rule 82(b)(3)(A), (C), (D), (E), (F), (G), (H), (I), (J), and (K).

2154 /66 Revised Order
Page 2

DATED at Anchorage, Alaska this _____ day of _____, 2006.

_____
JOHN W. SEDWICK
US District Court Judge

CERTIFICATE OF SERVICE AND TYPEFACE
I hereby certify that on February 17, 2006 a copy of the foregoing
Revised Order Granting Plaintiff Attorney's Fees  was served electronically on:

Rebecca Hozubin

I Further certify that the typeface used in the
foregoing document is Times New Roman 13.

S/   JEFFREY J. BARBER