Rebecca J. Hozubin, Esq.
Wilkerson, Hozubin & Burke
310 K Street, Suite 405
Phone: 907 276-5297
Fax: 907 276-5291
E-mail: Rebecca@wilkersonlaw.net
AK Bar # 9806016

Attorneys for Defendant GEICO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TERESA OOTEN MAULE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| GEICO GENERAL INSURANCE ) | |
| COMPANY, d\b\a GEICO, ) | |
| ) | |
| Defendant. ) | |
| _____) | Case No. A03-0183 CV (JWS) |

### DEFENDANT'S REPLY TO OPPOSITION TO MOTION FOR OFFSET

The fact of the matter is that GEICO paid for additional medical bills for plaintiff. Plaintiff now wants this court to preclude an additional offset for the monies paid despite the fact that plaintiff benefited from the payment, received monies at trial for those treatments, and now, no longer has to reimburse the state.

Plaintiff's sole basis for this position is the allegation that defendant never revealed this information prior to now. However, this was plaintiff's lien. This lien was a result of

plaintiff's own medical treatment. Plaintiff realized what treatment was being paid for by the State of Alaska, and knew what monies she would need to reimburse for the same. Plaintiff agreed to the lien when she accepted the benefits from the State of Alaska. This lien was between plaintiff and the State of Alaska. Plaintiff was in possession of this information. Further, it was plaintiff's account with the state, and therefore plaintiff was always in control of the information pertaining to that account.

Finally, Ms. Smith testified at trial about paying this lien. Plaintiff was given ample opportunity to cross examine her regarding the same. Plaintiff chose not to, just as plaintiff chose not to pay the lien with the $20,000 in UIM funds she received in April, 2002. For plaintiff to now claim that this benefit she received should not be taken into account in the final judgment is disingenuous.

In a convoluted manner plaintiff next argues that because defendant resolved the Medicaid lien, it somehow violated AS 21.326.125(a) by failing to state the basis for the denial of a claim. Defendant can only hazard a guess as to what plaintiff means by this, as the payment of the lien did not constitute a denial of a claim. The payment of a lien does not necessarily constitute an admission as to damages or injury. There can and are other reasons an insurer would pay for a lien. Further, as

evidenced at trial many of plaintiff's medical treatments and bills were in dispute.  The payment of this lien does not change that fact.

At trial plaintiff argued that all of her medical bills up to the date of trial should be paid.  She argued that amount was approximately $30,000, despite there being no bills in evidence for much of that amount.  She asked the jury to extrapolate from the bills that were in evidence to ascertain the full amount of medical treatment.  She was awarded her full amount of medical treatment.  For her to now argue that payment of her own lien for treatment paid for by the state should not be considered in the final analysis is inappropriate.  She sought the treatment, the state paid for the treatment, plaintiff agreed to the lien, and plaintiff sought recovery for all of her pretrial treatment she related to the accident.  She was given the same by the jury.  Defendant is entitled to an offset for the $1,211.00 worth of treatment paid for by the state and ultimately reimbursed by defendant.  Plaintiff should not be allowed a double recovery.

Defendant respectfully requests the court offset the $27,500 verdict by an additional $1,211 for a total verdict of $26,289.00.

DATED this 7th day of March 2006.

        Wilkerson, Hozubin & Burke

By: s/Rebecca J. Hozubin
    310 K Street, Suite 405
    Phone: 907 276-5297
    Fax: 907 276-5291
    E-mail: Rebecca@wilkersonlaw.net
    Attorneys for Defendant GEICO
    AK Bar No. 9806016

CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of February 2006, a copy of foregoing Defendant's Reply to Opposition to Motion for Offset was served electronically on the following:

Jeff Barber, Esq.
Law Offices of Steve M. Sims
821 N Street, Suite 103
Anchorage, AK  99501

WILKERSON, HOZUBIN & BURKE

By: s/Rebecca J. Hozubin

2000.232/plead/Mtn for Offset- Reply

4