UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TERESA OOTEN MAULE, ) | 3:03-cv-00183 JWS |
| ) | |
| Plaintiff, ) | OPINION AND ORDER |
| ) | |
| vs. ) | (Re:   Motions at dockets 167, |
| ) | 169, 170, 174, and 176) |
| GEICO GENERAL INSURANCE ) | |
| COMPANY, d/b/a GEICO, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## I.  MOTIONS ADDRESSED

At docket 167, plaintiff Teresa Ooten Maule ("Maule") asks the court to award her attorneys' fees as the prevailing party in this litigation.  At docket 174, defendant GEICO General Insurance Company ("GEICO") moves for a declaration that GEICO, not Maule, is the prevailing party.  At docket 169, Maule moves for an award of pre-judgment and post-judgment interest. At docket 170, Maule has filed what she styled as a motion for a bill of costs.  Finally, at docket 176, GEICO moves to strike Maule's motion for a bill of costs.  All motions have been briefed and are ripe.  Oral argument would not assist the court.

## II.  BACKGROUND

Maule filed a complaint in state court asking the court to reform certain provisions in the automobile liability policy she had purchased from GEICO so that GEICO would be required to arbitrate her uninsured motorist claim.  In addition to requesting arbitration pursuant to reformed provisions in the insurance policy, Maule asked for an

award of compensatory damages.[1]  Shortly after the case was removed, Maule filed an unsuccessful motion to have the case remanded to state court.[2]  Subsequent to his denial of Maule's motion to remand, Judge Singleton granted Maule's motion to amend her complaint to add a tort claim for bad faith by GEICO.[3]  In his trial brief, Maule's lawyer summarized the relief she was seeking: "Ms. Maule claims damages for GEICO's breach of contract, i.e., failing to pay what was due under the UM coverage. Ms. Maule claims damages for GEICO's bad faith adjustment of this claim, including refusal to arbitrate and the subsequent litigation.  She also claims punitive damages for GEICO's bad faith conduct. . . . "[4]  For its part, GEICO denied that Maule was entitled to any relief.

The case was tried to a jury which returned a special verdict awarding Maule $50,000 as fair compensation for the medical expenses and economic losses she sustained as a result of the accident caused by the uninsured motorist, $20,000 for pain and suffering resulting from the accident, and $7,500 for damages occasioned by GEICO's breach of the covenant of good faith and fair dealing implied in the insurance contract.  The jury's verdict indicated that GEICO's conduct was not outrageous.  Based on that finding, the jury did not award Maule any amount as punitive damages.

### III.  DISCUSSION

#### A.  Motion at Docket 169

Maule asks the court to award her both pre-judgment and post-judgment interest in her motion at docket 169.  GEICO opposes the amount requested on the grounds that GEICO is entitled to a reduction in the judgment based on a Medicaid lien it paid, and to a further reduction for any amount which the court may conclude GEICO should recover as the prevailing party.  GEICO also indicates, without citation to any authority

---

[1]Complaint in Superior Court at p. 9, attached to Doc. 2, Notice of Removal.

[2]The motion is at docket 7.  Judge Singleton denied the motion in an order at docket 15.

[3]Doc. 36.

[4]Doc. 142 at p. 3.

or other explanation, that the court should exercise its discretion to deny Maule's request for interest.  However, GEICO does not quarrel with Maule's calculation of the amount of interest to which she would be entitled absent GEICO's contentions.

The Medicaid lien issue was resolved in favor of Maule in an earlier order.[5]  The prevailing party issue is resolved in favor of Maule elsewhere in this order.  The court sees no basis for denying Maule any interest to which she has a legitimate claim.  Her request for prejudgment interest pursuant to AS 09.30.070 in the amount of $8,415.66 will therefore be granted.  Her request for post-judgment interest pursuant to state law must be denied.  Once her claim has been reduced to judgment in federal court, the post-judgment interest rate is the rate established by federal law, 28 U.S.C. § 1961.  Maule is entitled to post-judgment interest calculated in accordance with that statute.

## B. Motions at Dockets 167 and 174

### 1. Prevailing Party

The award of attorneys' fees in connection with claims based on Alaska law is governed by Rule 82 of the Alaska Rules of Civil Procedure.  The rule provides for an award of partial attorneys' fees to the party who prevails in the litigation.  Maule takes the position that she is the prevailing party, because she obtained a verdict with a net principal value of $27,500–the court reduced the jury's verdict of $57,500 by $30,000 previously paid to Maule by GEICO.[6]  GEICO contends that Maule did not prevail, because she recovered no punitive damages.  Indeed, GEICO contends that because Maule's punitive damage claim failed, GEICO was the prevailing party.

The Alaska Supreme Court has said: "Under Alaska law the prevailing party is one who successfully prosecuted or defended the action and prevailed on the main issue."[7]  The question becomes whether it was the claim for compensatory damages or

---

[5]Order at doc. 190.

[6]The jury was instructed to make a full award of compensatory damages and told that the court would then reduce the jury's award by $30,000 to account for the payments made by GEICO.

[7]*Matanuska Elec. Assoc., Inc. V. Rewire the Bd.*, 36 P. 3d 685, 690 (Alaska 2001).

the claim for punitive damages which was the main issue.  There is no doubt that the
claim for punitive damages potentially involved a much larger sum of money than the
claim for compensatory damages, a consideration which GEICO submits makes it the
main issue.  On the other hand, the original complaint did not seek punitive damages,
and Maule was not quick to add that claim to the litigation.  She did so only after her
unsuccessful attempt to have the case remanded to state court.  GEICO points to the
amounts claimed by Maule's counsel in argument to the jury as evidence that she did
not prevail.  While not irrelevant, what a lawyer argues to the jury cannot be weighed
too heavily, lest lawyers be deterred from vigorous advocacy.  More important is the
evidence the lawyer actually presented to the jury.  Here, Maule's counsel presented
scant evidence of the kind of outrageous behavior that would be necessary to support
an award of punitive damages.  Indeed, there was barely enough evidence for the claim
to go to the jury.  The court also finds it significant that Maule offered to settle the case
for $30,000 plus attorney's fees calculated under Rule 82(b)(1), for a total which Maule
calculated to be $35,000.[8]

Based on all the available information, the court concludes that the main issue at
trial was the claim for compensatory damages, not the claim for punitive damages.
Given that determination, Maule's net recovery of $27,500 is adequate to establish that
she prevailed.

### 2.  Amount of Award

Rule 82(b)(1) sets out a schedule used to calculate the partial recovery of
attorneys' fees to be awarded when a party recovers a money judgment.  Based on that
schedule, Maule is entitled to an award equal to 20% of the first $25,000 of her recovery
and 10% of the amount by which her recovery exceeds $25,000.  Her total recovery is
$35,915.66.[9]  Application of the schedule yields an attorneys' fee award of $6,091.57.[10]

---

[8]Ex. 1 to doc. 180.

[9]This consists of the $27,500 principal plus the $8,415.66 in pre-judgment interest.

[10]Twenty percent of $25,000 is added to ten percent of $10,915.66.

Rule 82(b)(3) permits the court to adjust the size of the award based on a list of ten factors and any other "equitable factors deemed relevant." The first factor is the complexity of the litigation. That factor warrants no variance. This case was a middle of the pack civil dispute. The second factor is the length of trial. Trial in this case commenced on Monday, January 30, 2006, and the case was submitted to the jury on Monday, February 6, 2006. The length of the trial does not warrant a variance. The third, fourth, and fifth factors have greater application in cases where the presumptive award is calculated pursuant to Rule 82(b)(2). To the extent these three factors apply here, they do not support any change in the amount determined under Rule 82(b)(1). The sixth factor is the reasonableness of the claims and defenses pursued by each side. In the court's opinion, Maule and GEICO took positions that were equally unreasonable–GEICO chose not to have Maule's claim arbitrated, and Maule chose to pursue punitive damages. The next factor is vexatious or bad faith conduct. Neither party engaged in such behavior at trial, and Judge Singleton entered an order earlier which adequately addressed concerns that arose prior to trial. None of the remaining ten listed factors supports a variance. There is only one unlisted equitable factor which warrants a change to the award determined under the schedule in Rule 82(b)(1). That factor is Maule's failure to pay GEICO the $1,072 Judge Singleton ordered her to pay based on pre-trial conduct.[11] Taking Rule 82(b)(3) into consideration, Maule is entitled to a recovery of $5,019.57 in attorneys' fees.[12]

## C. Motions at Dockets 170 and 176

Federal Rule of Civil Procedure 54 contemplates that costs will be allowed to a prevailing party and that they will be taxed by the Clerk. D.Ak.LR 54.1 sets forth the procedure for taxing costs. The procedure must commence within 10 days from the

---

[11]Doc. 103.

[12]This is calculated by subtracting the $1,072 Maule was ordered to pay GEICO but did not from the $6,091.57 due under the schedule in Rule 82. An argument could be made that the $1,072 should be increased by an amount reflecting interest on the unpaid amount, but GEICO did not make that argument. Moreover, it is unclear precisely when Judge Singleton required the sum to be paid and what consequences he established for late payment. Finally, the amount involved would be small. Given these considerations, no interest has been added.

date that judgment is entered with service of a bill of costs and a notice of date for the taxation of costs by the Clerk.  Instead of following the applicable rule, Maule's counsel filed a motion at docket 170  seeking to recover costs.  The motion at docket 170 was filed the day after judgment was entered.  Although counsel for Maule followed the wrong procedure, his action timely alerted both the court and GEICO's counsel that Maule was seeking costs and what costs she sought.  The failure by Maule's counsel to follow the proper procedure caused GEICO's counsel to file a motion at docket 176 to strike the motion at docket 170.

Given that the motion at docket 170 gave timely notice of the fact that Maule was seeking costs and described the costs, the court deems it appropriate to allow Maule to serve a bill of costs which, together with a notice of taxation, shall be filed within 10 days from the date of this order.  The motion at docket 170 is **DENIED** without prejudice to the Clerk's consideration of Maule's bill of costs if one is filed pursuant to this order. Nothing herein may be construed to indicate that particular costs identified in the affidavit accompanying the motion at docket 170 are recoverable.  Determination of what may be recovered is left for the Clerk.  The motion at docket 170 having been denied, the motion at docket 176 is **DENIED** as moot.

## IV.  CONCLUSION

For the reasons set out above, the court makes the following disposition of the motions under consideration:

1.  The motion at docket 167 is **GRANTED** as follows: Maule shall have judgment against GEICO for attorneys' fees in the amount of $5,19.57.

2.  The motion at docket 169 is **GRANTED** as follows: Maule shall have judgment against GEICO for pre-judgment interest in the amount of $8,415.66, and the judgment in this case shall bear post-judgment interest pursuant to 28 U.S.C. § 1961.

3.  The motion at docket 170 is **DENIED**.

4.  The motion at docket 174 is **DENIED**.

5.  The motion at docket 176 is **DENIED** as moot.

6.  Maule shall have 10 days from the date of this order to serve a proper
bill of costs and to give notice of the taxation of those costs.
DATED at Anchorage, Alaska this 19th day of April 2006.


                                        /s/
                            HON. JOHN W. SEDWICK
                    UNITED STATES DISTRICT COURT JUDGE